RAYMOND D. HOPKINS v. FLONNIE M. HOPKINS.

(Filed 23 November, 1966.)

**Judgments § 6—**

    During the term when the judgment is *in fieri* the court has the power to vacate the judgment, and the court's order doing so will not be disturbed on appeal, certainly when the court finds that the judgment was entered as a result of fraud upon the court.

APPEAL by plaintiff from *Latham, S.J.,* June Session 1966 of CABARRUS.

Civil action for absolute divorce on the ground of one year separation.

This action was originally heard by Judge James F. Latham on 6 June, 1966, the first day of a two-weeks session. Upon finding from the evidence that summons had been personally served, no answer or other pleading had been filed by defendant, and that the parties had lived separate and apart for more than one year, judg-

ment was entered granting an absolute divorce to plaintiff. Two days after the signing of the judgment, the defendant under oath stated that she and her husband had lived together as man and wife within one year immediately preceding the commencement of the action. A bench warrant charging perjury was issued for the plaintiff by Judge Latham on 8 June 1966. On 13 June, Judge Latham issued notice to plaintiff to appear and show cause on 15 June 1966, at 9:00 o'clock A.M., why the divorce judgment should not be vacated on account of fraud. This notice was served on plaintiff on the date issued. Hearing was duly held, and on 15 June 1966 Judge Latham entered an order finding as a fact that plaintiff and defendant were living together as man and wife on 6 June, 1966; that on 6 June 1966 the plaintiff had falsely stated under oath that he and his wife had been separated since 15 February 1964. The court in said order concluded that the judgment of absolute divorce granted to the plaintiff was improvidently entered and was entered as a result of fraud upon the court. The judgment of divorce was vacated and declared null and void and of no effect. Upon entry of the order, plaintiff's attorney moved that the order be amended to provide that same might not be used in any subsequent civil or criminal proceedings in which the plaintiff might be involved. Motion denied. Plaintiff appeals from the order vacating the judgment of absolute divorce.

*B. W. Blackwelder for plaintiff appellant.*
*No counsel contra.*

PER CURIAM. The judgment of absolute divorce entered 6 June 1966 was vacated by Judge Latham during term.

During a term of court a judgment is said to be within the breast of the court, and it may be changed at any time. McIntosh, N. C. Practice and Procedure, Judgments, § 1712, p. 162.

It has been the settled rule for some time that any order or decree made was, during the term, *in fieri*, and that the court during the term could *vacate* or modify the same. *Gwinn v. Parker,* 119 N.C. 19, 25 S.E. 705.

Affirmed.