STOKES COUNTY SOIL CONSERVATION DISTRICT v. CLAVIS SHELTON
AND P. O. SHELTON

No. 8217SC1359

(Filed 17 April 1984)

**Injunctions § 7.2— permanent injunction restraining defendants from interfering with maintenance and operation of dam proper**

Plaintiff was entitled to a permanent injunction restraining the defendants from interfering with the maintenance and operation of a dam where there was no dispute that the plaintiff had an easement to maintain and operate a

dam, and that the defendants had interfered with this maintenance and operation and threatened to do so in the future. Injunctive relief was proper because plaintiff's remedy at law would be inadequate in that money damages to the plaintiff would be difficult to calculate and would not be adequate compensation, and plaintiff should not be required to engage in multiple lawsuits.

APPEAL by defendants from *Hairston, Judge.* Judgment entered 18 October 1982 in Superior Court, STOKES County. Heard in the Court of Appeals 18 November 1983.

This is an appeal by defendants from a summary judgment entered against them. The plaintiff brought this action for a permanent injunction restraining the defendants from interfering or prohibiting the plaintiff from closing the gates to a dam owned by the plaintiff. The plaintiff was granted a temporary restraining order and a preliminary injunction pending trial.

The plaintiff made a motion for summary judgment. The materials submitted in support and in opposition to the motion for summary judgment showed the following matters are not in dispute. The plaintiff is organized under Chapter 139 of the General Statutes and has the power to construct and maintain dams. The parents of the defendants conveyed an easement in 1960 to the plaintiff on 50 acres of land for the purpose of constructing a dam and maintaining a pond on the land. The dam was constructed, water impounded, and the pond maintained by the plaintiff until the commencement of this action. The defendants had opened the gates to the dam and allowed water to escape.

The court granted the plaintiff's motion for summary judgment. The defendants were permanently enjoined from opening or closing the dam or interfering with the plaintiff in doing so. The defendants appealed.

*J. Tyrone Browder for plaintiff appellee.*

*White and Crumpler, by Craig B. Wheaton, for defendant appellants.*

WEBB, Judge.

We affirm the judgment of the superior court. There is no dispute that the plaintiff had an easement to maintain and operate the dam; that the defendants have interfered with this

maintenance and operation and threaten to do so in the future. We hold that on these undisputed facts the plaintiff is entitled to a permanent injunction restraining the defendants from interfering with the maintenance and operation of the dam. Injunctive relief is proper because a remedy at law would be inadequate. Money damages to the plaintiff would be difficult to calculate and would not be adequate compensation to the plaintiff. The plaintiff should not be required to engage in multiple lawsuits. For these reasons, it was not error for the court to grant injunctive relief. *See* Dobbs, *Handbook on the Law of Remedies* § 2.5 (1973).

The defendants argue that by granting the injunction, the superior court has denied them the full right to the use of their land. The defendants do not have the right to the full use of the land so long as the plaintiff maintains the dam under the easement. They also argue that an injunction may not be used as a possessory remedy. *Huskins v. Hospital,* 238 N.C. 357, 78 S.E. 2d 116 (1953), which they cite as authority for the proposition, deals with an interlocutory order. In this case, the injunction was entered as part of a final judgment. At any rate, we do not believe it was a possessory remedy. The plaintiff had possession of the dam. The defendants were enjoined from interfering with this possession. The defendants also argue that there is nothing in the record to indicate the intent of the parties to lower the level of the pond in the future. We do not so read the record. As we read the affidavits of the defendants, each of them takes the position that he has the right to lower the water level and will do so in the future if he feels it should be done.

The defendants argue further that there are genuine issues as to material facts. They say that there are issues as to (1) the extent of the property interest which the plaintiff has in the lands of the defendants pursuant to the easement; (2) whether the failure on the part of the plaintiff to maintain the dam which was built pursuant to the easement for an unreasonable length of time constitutes an abandonment of the easement; (3) the extent of benefits the servient estate was granted at the time of the making of the easement, and whether the plaintiff is now estopped from preventing the grantor of the assigns of the easement from operating the dam gates; and (4) whether the defendants, by lowering the water level of the lake, caused any damage.

We do not believe there is a genuine issue as to any of these matters. The easement is not disputed. It gives the plaintiff the sole right to control the water level. There is no competent evidence that the plaintiff failed to maintain the easement or that the servient estate was granted the right to control the water flow at the time the easement was granted. Interference with its control of the dam is all the damage the plaintiff has to prove.

The defendants also argue that there was no proof that the plaintiff would suffer irreparable injury if an injunction were not granted and absent such proof, there cannot be a permanent injunction. As we have said, the difficulty of calculating damages, the multiplicity of lawsuits that could be required to protect the plaintiff's rights, and the inadequacy of damages are sufficient to justify a permanent injunction.

The defendants also assign error to the manner in which the court ruled on the plaintiff's motion for summary judgment. On 4 October 1982 after considering materials and hearing arguments, Judge Hairston stated that he would deny the motion. On 5 October 1982 he announced that he had considered the matter overnight and was of a different opinion. After hearing further arguments, he granted the motion. Judge Hairston could change the judgment during the same term of court. *See Hopkins v. Hopkins,* 268 N.C. 575, 151 S.E. 2d 11 (1966).

Affirmed.

Judges PHILLIPS and EAGLES concur.