JUDITH QUALE STEWART, Plaintiff v. DOROTHY S. KOPP; CHRISTINE A. DAVIS; MARSHALL D. McCLURE, JR.; LOVIE E. DAVIS; and JEANNE M. CASEY, Individually and in Their Capacity as Members of the Board of Directors of the Chalcombe Court Homeowners Association, Inc., Defendants and CHALCOMBE COURT HOMEOWNERS ASSOCIATION, Intervenor

No. 9426SC359

(Filed 7 March 1995)

1. **Housing, and Housing Authorities and Projects § 74 (NCI4th)— violation of condominium documents—authority of homeowners association to impose fine**

A homeowners association, through its board of directors, had the power to impose a fine for each day that plaintiff continued to violate condominium documents by altering the appearance of the entrance to her unit. N.C.G.S. § 47C-3-102(a)(11).

**Am Jur 2d, Condominiums and Co-operative Apartments §§ 45-47.**

STEWART v. KOPP

[118 N.C. App. 161 (1995)]

**2. Conspiracy § 12 (NCI4th)— insufficiency of evidence**

There was no merit to plaintiff's argument that the trial court erred in granting summary judgment for defendants (members of the board of directors of a homeowners association) on her claim for damages because the evidence showed that defendants engaged in a civil conspiracy against her and violated the North Carolina Civil RICO Act by threatening to impose an unlawful fine on her and then threatening to file a claim of lien on her property in order to coerce her into paying the fine, since plaintiff failed to show that an agreement existed among defendants to do an unlawful act or to do a lawful act in an unlawful way and that such agreement resulted in injury inflicted upon her by one or more of the defendants.

**Am Jur 2d, Conspiracy §§ 68, 69.**

Appeal by plaintiff from judgment entered 20 October 1993 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 31 January 1995.

*Joseph F. Lyles for plaintiff-appellant.*

*Petree Stockton, L.L.P., by Sharon L. McConnell, for defendants-appellees.*

*Delaney and Sellers, P.A., by John F. Ayers III, for intervenor-appellee.*

WALKER, Judge.

Chalcombe Court is a condominium community in Charlotte, North Carolina. The community is governed by its mandatory-membership Homeowners Association (the Association), acting through its Board of Directors (the Board). The community and the Association are further governed by the Declaration of Unit Ownership and Bylaws and the General Rules and Regulations (the condominium documents).

In May 1992 plaintiff purchased a unit at Chalcombe Court. In November 1992 plaintiff removed the solid panel front door of her unit and installed a 15-glass-pane French door. Over a period of time, she also installed wooden trellises, concrete planters and fountains, and numerous hanging plants and lights on her front entranceway and balcony. These changes violated provisions of the condominium documents which required residents to obtain prior written consent of

the Board before making any changes to the outside appearance of their units. Plaintiff had not sought such consent. In November 1992, defendant Kopp, the Board's chairperson, informed plaintiff of the violation involving the French door and asked plaintiff to remove the door, but plaintiff refused. Chalcombe Court's management company also notified plaintiff of this violation, but plaintiff persisted in her refusal to remove the door.

In March 1993 the Association formally notified plaintiff that it planned to conduct a hearing to discuss the unauthorized alterations and decorations and to determine whether to assess a fine against plaintiff's unit for non-compliance with the condominium documents. At the hearing on 15 March, the Association, through the Board, found plaintiff in violation of the condominium documents and voted to assess a fine against her unit of $100 for each day the violation continued. On 16 March, the Association notified plaintiff in writing that the fine would commence on 20 March 1993 if she did not restore her unit to compliance with the condominium documents. Plaintiff did not comply. On 19 March 1993, plaintiff for the first time filed a written request to keep the French door and the decorations to her unit, which the Board denied. On 20 April 1993, plaintiff received a monthly statement listing the amount of her fine as $2,900, or $100 per day from 20 March to 18 April 1993.

On 7 May 1993 plaintiff commenced this lawsuit against the members of the Board. Plaintiff asserted three claims: (1) a member's derivative action under the North Carolina Nonprofit Corporation Act, contending that the Board had no authority to assess a $100-per-day fine against her unit for continuing violations of the condominium documents and requesting a permanent injunction prohibiting defendants from collecting the fine; (2) a claim for damages on the ground that the Board members engaged in a civil conspiracy to commit an abuse of process by threatening to assess and then assessing a fine against her unit for her refusal to correct the unauthorized alterations; and (3) a claim for damages on the ground that the Board members violated the North Carolina Civil RICO Act by conspiring to commit the crime of extortion.

On 21 May 1993 the Association filed a claim of lien against plaintiff's property, pursuant to N.C. Gen. Stat. § 47C-3-116, to secure its right to payment of the amount of the fine.

On 6 August 1993 defendants answered denying all liability. The Association was allowed to intervene and filed an answer asserting a

claim for a permanent mandatory injunction against plaintiff's unauthorized changes to her unit. Defendants and the Association moved for summary judgment, and the day before the hearing, plaintiff filed a cross-motion for summary judgment. At the hearing, the trial court declined to hear plaintiff's motion because it had not been timely served. The court granted summary judgment in favor of defendants and in favor of the Association on all of plaintiff's claims and entered a permanent mandatory injunction against plaintiff's unauthorized alterations. Plaintiff appeals from both orders.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1994); *see also Stokes Co. Soil Conservation Dist. v. Shelton*, 67 N.C. App. 728, 731, 314 S.E.2d 2, 3 (1984) (summary judgment appropriate where no genuine issue of fact existed and plaintiff was entitled to injunctive relief as a matter of law).

[1] Plaintiff first argues that summary judgment in favor of defendants on her complaint for an injunction was improper because the evidence showed the Board was not authorized to levy a fine against her in any amount.

Article VI, Section 3 of the Condominium Declaration states:

The duties and powers of the Condominium Association shall be those, and shall be exercised as, set forth in the [North Carolina Condominium] Act, this Declaration and the Bylaws, together with those implied as reasonably necessary to effect the purposes of the Condominium Association. . . .

The Declaration therefore incorporates the express statutory powers granted to the Association by the North Carolina Condominium Act, which allows the Association to "[i]mpose charges for late payment of assessments and, after notice and an opportunity to be heard, levy reasonable fines not to exceed one hundred fifty dollars . . . for violations of" the condominium documents. N.C. Gen. Stat. § 47C-3-102(a)(11) (1994). It is clear from reading these two provisions together that the Association, through its Board, had the power to fine plaintiff for her violations of the condominium documents.

Plaintiff claims that even if the Association had the power to fine her, N.C. Gen. Stat. § 47C-3-102(a)(11) does not permit the assess-

ment of a separate fine for *each day* of a continuing violation. With regard to this section, the Revisor of Statutes has stated: "There is nothing to prevent the imposition of separate fines for each violation." Defendants therefore assert that in the absence of any statutory or case law to the contrary, the Board reasonably interpreted its authority to allow assessment of such a fine for each day of a continuing violation of the condominium documents. They claim that since the purpose of such a fine is to induce compliance with the condominium documents, much as a fine for civil contempt is intended to induce compliance with a court order, a daily assessment of this fine is appropriate and is permitted by statute. Defendants also point out that if the maximum fine for any violation is in fact limited to $150, then an offending condominium owner could easily pay the fine, ignore the Association, and continue to violate applicable rules. We agree.

The Board did not exceed its authority in levying a fine of $100 for each day plaintiff continued in violation, and the trial court properly granted summary judgment for defendants on plaintiff's claim for an injunction. We note that even if the Board had exceeded its authority, a member's derivative action would not have been the appropriate cause of action, since plaintiff alleged no injury to the Association by the Board's action and was not seeking to recover on behalf of the Association. *See* N.C. Gen. Stat. § 55A-7-40 (1994).

[2]  Plaintiff next argues that summary judgment in favor of defendants on her claim for damages was improper because the evidence showed that defendants engaged in a civil conspiracy against her and violated the North Carolina Civil RICO Act by threatening to impose an unlawful fine on her and then threatening to file a claim of lien on her property in order to coerce her into paying the fine. This argument is without merit.

To establish a civil conspiracy claim, plaintiff had to prove that an agreement existed among the defendants to do an unlawful act or to do a lawful act in an unlawful way and that this agreement resulted in injury inflicted upon her by one or more of the defendants. *Fox v. Wilson*, 85 N.C. App. 292, 301, 354 S.E.2d 737, 743 (1987). Since we have determined that defendants acted within their authority to impose the fine, they can collect it by filing a claim of lien on plaintiff's property as authorized by the North Carolina Condominium Act, N.C. Gen. Stat. § 47C-3-116 (1994). Because plaintiff's civil conspiracy claim is fatally flawed, it follows that her RICO claim cannot succeed,

and the court properly granted summary judgment in favor of defendants on both claims.

Finally, plaintiff contends that the trial court erred by requiring her to remove the unauthorized decorations to her unit. She claims that the decorations to her unit were reasonable and that the Association waived the prior written consent requirement for exterior changes by allowing other residents to make changes without first obtaining such consent. These arguments are without merit, and the trial court properly granted summary judgment in favor of the Association.

Affirmed.

Judges EAGLES and McGEE concur.