An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-268

NORTH CAROLINA COURT OF APPEALS

Filed: 7 October 2014

IN THE MATTER OF:

J.C., J.C.                                    Johnston County
                                              Nos. 13 JA 101-02

Appeal by respondent-mother from order entered 12 December 2013 by Judge Resson Faircloth in Johnston County District Court. Heard in the Court of Appeals 9 September 2014.

> *No brief filed for petitioner-appellee Johnston County Department of Social Services.*
>
> *No brief filed for guardian ad litem.*
>
> *Richard Croutharmel, for respondent-appellant mother.*

CALABRIA, Judge.

Respondent-mother ("respondent") appeals from the trial court's permanency planning order which, *inter alia*, ceased reunification efforts with respondent. We affirm in part and vacate and remand in part.

## I. Background

On 27 June 2013, the Johnston County Department of Social Services ("DSS") filed petitions alleging that respondent's minor children ("the juveniles") were neglected and dependent, based upon unresolved conflicts between respondent and the juveniles' father, which included false reports of sexual abuse of the juveniles by the juveniles' father that had been fabricated by respondent. After a hearing, the trial court entered an order which adjudicated the juveniles as neglected and dependent. In its subsequent disposition order, the trial court placed the juveniles in the custody of their paternal grandmother and ordered respondent to have supervised visits with the juveniles every other week at a supervised visitation center at her expense. Respondent appealed the adjudication and disposition orders to this Court, which affirmed both orders. *In re J.C., J.C.,* ___ N.C. App. ___, 760 S.E.2d 778 (2014).

On 23 September 2013, respondent filed a motion for review in the trial court seeking, *inter alia*, reconsideration of the visitation plan. On 13 November 2013, the trial court conducted a permanency planning hearing. At the conclusion of the hearing, the trial court orally concluded that it was in the juveniles' best interests to return to their father's custody, changed the permanent plan to reunification with the father,

ordered DSS to cease reunification efforts with respondent, and ordered that visitation with respondent would be supervised by DSS until they could find a suitable replacement supervisor. On 12 December 2013, the trial court entered a written order consistent with its statements from the bench, with the exception that the court ordered respondent's visitation to continue to be supervised at a visitation center at her expense. Respondent appeals.

## II. Appellate Jurisdiction

As an initial matter, we note that on 31 March 2014, respondent filed a petition for writ of *certiorari* with this Court in which she asserted that her appeal from the order ceasing reunification efforts was interlocutory pursuant to N.C. Gen. Stat. § 7B-1001(a)(5) (2013), which limits the circumstances under which a respondent may appeal from an order ceasing reunification efforts which were not present in the instant case. However, "[a]ny order, other than a nonsecure custody order, that changes legal custody of a juvenile" is appealable to this Court. N.C. Gen. Stat. § 7B-1001(a)(4) (2013). In the instant case, the trial court's permanency planning order returned the juveniles to their father's custody. Thus, pursuant to N.C. Gen. Stat. § 7B-1001(a)(4), the trial

court's order was appealable as an order changing custody, and respondent's petition for writ of *certiorari* is dismissed as moot. *See In re J.V. & M.V.*, 198 N.C. App. 108, 111, 679 S.E.2d 843, 844-45 (2009).

### III. Subject Matter Jurisdiction

Respondent first argues that the trial court failed to make sufficient findings in its permanency planning order to establish its subject matter jurisdiction over the instant case. Specifically, respondent contends that because the juveniles and their parents were involved in a previous neglect case in Kentucky, the trial court was required to make specific jurisdictional findings pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act. We disagree.

Respondent previously made this same argument in her appeal of the prior neglect and dependency adjudication and disposition order entered in this case. In *J.C.*, we rejected the argument:

> Although this Court has recognized that making specific findings of fact related to a trial court's jurisdiction under N.C. Gen. Stat. § 50A-201(a)(1) would be the better practice, the statute states only that certain circumstances must exist, not that the court specifically make findings to that effect. Therefore, so long as the trial court asserts its jurisdiction and there is evidence to satisfy the statutory requirements, the trial court has properly exercised subject matter jurisdiction.

___ N.C. App. at ___, 760 S.E.2d at 780 (internal quotations and citations omitted). In the instant case, respondent acknowledges that the evidence from the permanency planning hearing demonstrates that "neither the parents nor the children continue to live in Kentucky[.]" As in respondent's previous appeal, this is sufficient to establish the trial court's jurisdiction to enter the permanency planning order. *See id.* (Holding that jurisdiction was established when "the evidence shows that the juveniles have continuously resided with a parent in North Carolina since December of 2011"). This argument is overruled.

## IV. Cessation of Reunification Efforts

Respondent contends the evidence and the trial court's findings of fact do not support its order changing the permanent plan to reunification with the juveniles' father and ceasing reunification efforts with respondent. We disagree.

A court may order DSS to cease reunification efforts if it makes a written finding of fact that "[s]uch efforts clearly would be futile or would be inconsistent with the juvenile's health, safety, and need for a safe, permanent home within a reasonable period of time[.]" N.C. Gen. Stat. § 7B-507(b)(1) (2013). "This Court reviews an order that ceases reunification

efforts to determine whether the trial court made appropriate findings, whether the findings are based upon credible evidence, whether the findings of fact support the trial court's conclusions, and whether the trial court abused its discretion with respect to disposition." *In re C.M.*, 183 N.C. App. 207, 213, 644 S.E.2d 588, 594 (2007). "An abuse of discretion occurs when the trial court's ruling is so arbitrary that it could not have been the result of a reasoned decision." *In re Robinson*, 151 N.C. App. 733, 737, 567 S.E.2d 227, 229 (2002) (internal quotations and citations omitted).

In the instant case, the trial court found that further efforts toward reunification with respondent would be "futile and inconsistent with the juveniles' health, safety and need for a permanent home within a reasonable period of time[.]" The court then further found that respondent failed to provide verification she had completed a psychological evaluation; failed to visit the juveniles; failed to recognize her role in the juveniles' placement; failed to cooperate with DSS's attempts to provide services; and failed to make progress on her case plan since May 2013. Each of these findings is supported by the testimony of the social worker who supervised respondent's case at the time of the permanency planning

hearing. Specifically, the social worker described respondent's history of resisting DSS involvement and lack of progress on her case plan, her conflicting statements about her responsibility in contributing to the juveniles' current situation, and her failure to attend visitation. Although, as respondent contends on appeal, her own testimony contradicted some of the social worker's testimony, it was the trial court's responsibility to weigh the conflicting testimony and make appropriate findings of fact. *In re Whisnant*, 71 N.C. App. 439, 441, 322 S.E.2d 434, 435 (1984). Ultimately, the trial court's findings, which were supported by competent evidence, supported the trial court's decision to cease reunification efforts. This argument is overruled.

## V. Visitation

Respondent argues that the visitation portion of the trial court's order was erroneous for two reasons. First, respondent contends that the trial court lacked the authority to order her to pay the costs of supervised visitation. However, that argument has already been rejected by this Court in respondent's previous appeal. *See J.C.*, ___ N.C. App. at ___, 760 S.E.2d at 782 ("[I]n the best interests of the juvenile, the trial court has the authority to set conditions for visitation, as the trial

court did in this case by requiring respondent to pay the costs of visitation."). In addition, respondent contends that the written visitation order conflicts with the trial court's oral pronouncement regarding visitation and therefore must be vacated. We agree with this contention.

"[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen. Stat. § 1A-1, Rule 58 (2013). Thus, "[a]nnouncement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment." *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (1997). "If the written judgment conforms generally with the oral judgment, the judgment is valid." *Edwards v. Taylor*, 182 N.C. App. 722, 727, 643 S.E.2d 51, 54 (2007). However, if there is a discrepancy between the written order and the oral rendering of the order in open court as reflected by the transcript, the transcript is considered dispositive. *See State v. Sellers*, 155 N.C. App. 51, 59, 574 S.E.2d 101, 106-07 (2002).

In the instant case, the trial court heard arguments regarding respondent's ability to pay for supervised visitation and her objections to the imposition of those costs. DSS specifically recommended that respondent continue her visits

with the juveniles at a visitation center at respondent's expense. At the conclusion of the hearing, the trial court made two statements which constituted its order regarding visitation: "I'm going to adopt the recommendations put for[th] by the Department with the exception that DSS will supervise until they can find a replacement[,]" and "I'm adopting every recommendation [by DSS] with the exception of the visitation will be at Social Services every other week." Nonetheless, in its written order, the trial court directly contradicted the order it rendered from the bench, instead adopting DSS's recommendation by ordering that respondent's visitation would continue to be at a visitation center at respondent's expense.

The difference between the trial court's pronouncement in open court and its written order is substantive and the change in the written order cannot be said to generally conform to the court's oral statement. The written judgment directly contradicts the trial court's statements from the bench, and as a result, the portion of the trial court's order regarding visitation must be vacated and remanded for entry of an amended order which accurately reflects the trial court's oral disposition. *See id*. We note that

> [i]t is the duty of the trial judge to ensure that a written order accurately

> reflects his or her rulings before it is signed, and to modify the order if it is not correct. It is also the duty of counsel preparing the order to ensure that it accurately reflects the trial court's findings and rulings.

*State v. Veazey*, 191 N.C. App. 181, 196, 662 S.E.2d 683, 692 (2008) (Steelman, J., concurring in the result).

## VI. Conclusion

The trial court had subject matter jurisdiction to enter the permanency planning order. The trial court properly found the necessary facts which supported its decision to cease reunification efforts with respondent, and accordingly, that portion of the trial court's order is affirmed. The court was authorized to order respondent to participate in supervised visits at a visitation center at respondent's expense. However, the trial court instead ordered, in open court, that respondent would have supervised visits at DSS. Since the trial court's written order contradicted its oral disposition, the portion of the trial court's order regarding visitation is vacated and remanded for a new order which is consistent with the court's oral pronouncement.

Affirmed in part and vacated and remanded in part.

Judges STEELMAN and McCULLOUGH concur.

Report per Rule 30(e).