McGEE, Chief Judge.
 

 *711
 
 Respondent-Father appeals from an order terminating his parental rights as to his minor child O.D.S. We hold the trial court did not err in terminating Respondent-Father's parental rights on the ground of dependency, even though the trial court did not orally find that ground at the conclusion of the adjudication portion of the hearing, and we affirm the trial court's order.
 

 The Orange County Department of Social Services ("DSS") obtained non-secure custody of O.D.S. and filed a petition on 25 February 2014, alleging he was a neglected and dependent juvenile. The trial court held a hearing on 3 April 2014 and entered an order on 8 May 2014, in which it adjudicated O.D.S. to be a neglected juvenile, and continued custody with DSS. By order entered 17 November 2014, the trial court relieved DSS from having to make further reunification efforts with
 
 *712
 
 Respondent-Father and set the permanent plan for O.D.S. as reunification with his mother ("Mother"). Mother, however, failed to meet the goals of her case plan and, by order entered 20 February 2015, the trial court relieved DSS from having to make
 
 *412
 
 further reunification efforts with Mother, set the permanent plan for O.D.S. as adoption, and ordered DSS to file motions to terminate Respondent-Father's and Mother's parental rights as to O.D.S.
 
 [1]
 

 DSS subsequently filed a motion to terminate Respondent-Father's parental rights, alleging grounds of neglect and dependency.
 
 See
 
 N.C. Gen.Stat. § 7B-1111(a)(1), (6) (2015). The trial court held a hearing on the motion on 16 July 2015, and entered an order on 11 August 2015 terminating Respondent-Father's parental rights as to O.D.S. In that order, the trial court found the existence of both grounds alleged in the motion and concluded that termination of Respondent-Father's parental rights was in O.D.S.'s best interests. However, at the conclusion of the adjudication portion of the termination hearing, the trial court stated it found that DSS had proven neglect as a ground for terminating Respondent-Father's parental rights, but the trial court did not reference the ground of dependency. Respondent-Father filed notice of appeal on 17 August 2015.
 

 Respondent-Father argues the trial court erred in finding that the ground of dependency existed to terminate his parental rights. Respondent-Father contends the trial court erred because, at the conclusion of the adjudication portion of the hearing, the trial court did not orally state it was finding dependency as a ground for termination, but included that ground in the written order entered 11 August 2015. We disagree.
 

 Specifically, Respondent-Father contends that, because the trial court did not state at the conclusion of the adjudication hearing that DSS had proven the ground of dependency pursuant to N.C. Gen.Stat. § 7B-1111(a)(6), it was precluded from finding dependency as a ground to terminate Respondent-Father's parental rights in its written order. We note that Respondent-Father does not make any argument challenging the adjudication of dependency based upon a lack of evidence or insufficient findings of fact. Respondent-Father's argument is entirely predicated on his contention that the trial court was precluded from including a ground in its written order that it did not address when rendering
 
 *713
 
 judgment in open court. Therefore, our review is limited to whether the trial court was precluded from basing termination of Respondent-Father's parental rights on the ground of dependency when it did not state dependency as a ground for termination in open court.
 

 N.C. Gen.Stat. § 7B-1109 requires the trial court to do the following in response to any adjudication hearing deciding whether grounds exist to terminate a person's parental rights:
 

 The court shall take evidence, find the facts, and
 
 shall adjudicate the existence or nonexistence of any of the circumstances set forth in G.S. 7B-1111 which authorize the termination of parental rights of the respondent.
 
 The adjudicatory order shall be reduced to writing, signed, and entered no later than 30 days following the completion of the termination of parental rights hearing.
 

 N.C. Gen.Stat. § 7B-1109(e) (2015). Thus, the trial court is required to address every ground brought forth in a petition or motion to terminate a parent's rights to his or her child, and make a determination for
 
 every
 
 ground alleged, whether the petitioning party has proved that ground, or failed to prove that ground. More generally, our Supreme Court has held that Rule 52 of the North Carolina Rules of Civil Procedure
 

 imposes three requirements on the court sitting as finder of fact: it must (1) find the facts on
 
 all
 
 issues joined in the pleadings; (2)
 
 declare the conclusions of law arising from the facts found;
 
 and (3)
 
 enter judgment accordingly.
 
 The court logically must comply with these three requirements in the above order. Thus, under Rule 58 there can be no valid entry of judgment absent necessary findings.
 

 Stachlowski v. Stach,
 

 328 N.C. 276
 
 , 285,
 
 401 S.E.2d 638
 
 , 644 (1991) (citations omitted) (emphasis added). We note that N.C. Gen.Stat. § 7B-1109 includes no requirement that
 
 *413
 
 the trial court render its decisions in open court.
 
 See, e.g.,
 

 Draughon v. Harnett Cty. Bd. of Educ.,
 

 158 N.C.App. 208
 
 , 215,
 
 580 S.E.2d 732
 
 , 737 (2003) (The trial court rendered judgment in open court granting summary judgment in favor of three of four defendants, stating: "I'm going to review the documents as to [the fourth defendant] and rule on that later."
 
 [2]
 
 The trial court then entered a written order in which it granted summary judgment in favor of all four defendants.).
 
 *714
 
 In the present case, DSS moved to terminate Respondent-Father's parental rights based upon the grounds of neglect, N.C. Gen.Stat. § 7B-1111(a)(1), and dependency, N.C. Gen.Stat. § 7B-1111(a)(6). These grounds were considered at the 16 July 2015 termination hearing. The trial court was therefore required to address both grounds, and enter findings of fact, conclusions of law, and rulings for each ground. In what appears to have been an oversight, the trial court did not address the ground of dependency when it rendered judgment in open court. Neither Respondent-Father, DSS, nor O.D.S.'s guardian
 
 ad litem
 
 brought this oversight to the attention of the trial court. However, the trial court's written order, entered 11 August 2015, complied with the dictates of N.C. Gen.Stat. § 7B-1109(e) by making adjudicatory determinations for both the grounds for termination that had been brought before it.
 

 Because many of our appellate decisions addressing these issues were based upon rules that have since changed, it is important to note how entry of judgment and notice of appeal from civil judgments have changed in light of revisions to Rule 58 of the North Carolina Rules of Civil Procedure, which became effective 1 October 1994 for "all judgments subject to entry on or after that date." 1994 N.C. Sess. Laws, Ch. 594;
 
 Capital Outdoor Advertising v. City of Raleigh,
 

 337 N.C. 150
 
 , 159,
 
 446 S.E.2d 289
 
 , 295 (1994). Prior to the 1994 amendments, judgments and orders could be entered by the clerk simply making a notation of the orally rendered judgment. The trial court would then, after official entry of judgment, "make a written judgment that conform[ed] in general terms with [the] oral judgment pronounced in open court."
 
 Morris v. Bailey,
 

 86 N.C.App. 378
 
 , 389,
 
 358 S.E.2d 120
 
 , 126 (1987) (citation omitted). Entry of judgment based upon oral rendition of judgments is no longer allowed in civil matters; currently, judgments and orders are only "entered when [they are] reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen.Stat. § 1A-1, Rule 58 (2015). The pre-1994 provisions of Rule 58 are discussed in
 
 Morris:
 

 Defendant's final argument is that the trial judge erred in signing the judgment. Here, the trial court announced the general terms of its judgment in open court. Defendant gave oral notice of appeal in open court immediately after the court announced its judgment.
 
 [3]
 
 Five days later, the
 
 *715
 
 court executed a written judgment. Defendant contends the trial judge was not permitted to execute any written judgment that was different in any manner from the announcement of the judgment made in open court.
 

 Defendant's contention hinges on our interpretation of the trial court's actions under Rule 58 of the North Carolina Rules of Civil Procedure, N.C.G.S. Sec. 1A-1, Rule 58 :
 

 Subject to the provisions of Rule 54(b): Upon a jury verdict that a party shall recover only a sum certain or costs or that all relief shall be denied or upon a decision by the judge in open court to like effect, the clerk, in the absence of any contrary direction by the judge, shall make a notation in his minutes of such verdict or decision and such notation
 
 *414
 
 shall constitute the entry of judgment for the purposes of these rules. The clerk shall forthwith prepare, sign, and file the judgment without awaiting any direction by the judge.
 

 In other cases where judgment is rendered in open court, the clerk shall make a notation in his minutes as the judge may direct and such notation shall constitute the entry of judgment for the purposes of these rules. The judge shall approve the form of the judgment and direct its prompt preparation and filing.
 

 In cases where judgment is not rendered in open court, entry of judgment for the purposes of these rules shall be deemed complete when an order for the entry of judgment is received by the clerk from the judge, the judgment is filed and the clerk mails notice of its filing to all parties. The clerk's notation on the judgment of the time of mailing shall be prima facie evidence of mailing and the time thereof.
 

 Here, the verdict was not for "only a sum certain or cost or that all relief" be denied, but the trial judge awarded attorney fees and relief other than damages. Although the trial judge announced his general holdings at the end of the trial, he did not direct the clerk to make any entry in
 
 *716
 
 the record. Therefore, under the second paragraph of Rule 58, the judgment was not entered in open court and the written judgment of 9 June 1986 is the judgment for the purposes of the Rules of Civil Procedure under the third paragraph of Rule 58. The written judgment did not determine any issue different from those dealt with in the judgment announced in open court. Therefore, defendant's oral notice of appeal, though given in open court prior to the entry of judgment, was effective to give notice of appeal to the written judgment under N.C.G.S. Sec. 1-279(a).
 

 Even if the judgment had been entered in open court, the subsequent written judgment is not invalid. A trial court has the authority under N.C.G.S. Sec. 1A-1, Rule 58 to make a written judgment that conforms in general terms with an oral judgment pronounced in open court. A trial judge cannot be expected to enter in open court immediately after trial the detailed findings of fact and conclusions of law that are generally required for a final judgment. If the written judgment conforms in general terms with the oral entry, it is a valid judgment. A notice of appeal entered in open court immediately after entry of the oral judgment does not remove the authority of the trial court to enter its written judgment which conforms substantially with the court's oral announcement. Here, the written judgment conforms in general terms with the oral announcement of the judgment in open court and therefore,
 
 even if the judgment had been entered in open court,
 
 the subsequent written judgment is valid.
 
 [4]
 

 Morris,
 

 86 N.C.App. at 387-89
 
 ,
 
 358 S.E.2d at 126-27
 
 (citations omitted) (emphasis added). Though
 
 Morris
 
 states "[i]f the written judgment conforms in general terms with the oral entry, it is a valid judgment[,]"
 
 Id.
 
 at 389,
 
 358 S.E.2d at 127
 
 , this statement must be understood in context. The requirement that the written judgment generally conform to the orally rendered judgment is based upon the fact that the orally rendered
 
 *717
 
 judgment
 
 had already been entered
 
 and was therefore
 
 already in effect.
 

 [5]
 
 The subsequent written judgment was merely providing written
 
 *415
 
 factual and legal support for the already
 
 entered
 
 oral judgment. In
 
 Morris,
 
 this Court treated orally rendered judgments that had been entered differently than those that had
 
 not
 
 been entered, stating:
 

 Although the trial judge announced his general holdings at the end of the trial, he did not direct the clerk to make any entry in the record. Therefore, under the second paragraph of Rule 58, the judgment was not entered in open court and the written judgment of 9 June 1986 is the judgment for the purposes of the Rules of Civil Procedure under the third paragraph of Rule 58. The written judgment did not determine any issue different from those dealt with in the judgment announced in open court.
 
 Therefore,
 
 defendant's oral notice of appeal,
 
 though given in open court prior to the entry of judgment, was effective to give notice of appeal
 
 to the written judgment under N.C.G.S. Sec. 1-279(a).
 

 Id.
 
 at 388-89,
 
 358 S.E.2d at 126
 
 (citations omitted) (emphasis added). The reason the
 
 Morris
 
 Court emphasized that the written judgment did "not determine any issue different from" the orally rendered judgment was that the substantial accord between the two is what gave effect to the oral notice of appeal,
 
 even though the notice of appeal was given before actual entry of the judgment.
 

 The implication is that, had the subsequent written judgment differed from the oral judgment, the notice of appeal would not have been effective because, though it was given
 
 after
 
 judgment had been rendered in open court, it was given
 
 before
 
 the judgment was entered. Therefore, it could not serve to give notice of appeal from anything in the later written judgment that differed substantially from the oral rendering of that judgment. The further implication is that the judgment later written and entered controlled, and the trial court was not bound by its earlier rendered judgment. This is so because
 
 if
 
 the trial court was bound by its non-entered orally rendered judgment, notice of appeal from that judgment would
 
 always
 
 be effective-the trial court would simply have to
 
 *718
 
 insure that its entered written judgments always conformed with their corresponding non-entered orally rendered judgments. If this were the case, remedy for failure of the entered written order to conform to the orally rendered order would be remand to make the written order conform with the orally rendered order; but the validity of the notice of appeal would not be in question. However, the issue in
 
 Morris
 
 was the validity of the notice of appeal, not the validity of the written and entered judgment itself.
 

 Furthermore, this Court has not generally required written entered judgments to adhere to the prior non-entered, orally rendered judgments upon which they were based. " 'The announcement of judgment in open court is the mere rendering of judgment,' and is
 
 subject to change
 
 before 'entry of judgment.' 'A judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court.' "
 
 Morris v. Southeastern Orthopedics Sports Med. & Shoulder Ctr.,
 

 199 N.C.App. 425
 
 , 433,
 
 681 S.E.2d 840
 
 , 846 (2009) (citations omitted) (emphasis added);
 
 see also
 

 Fayetteville Publ'g Co. v. Advanced Internet Techs., Inc.,
 

 192 N.C.App. 419
 
 , 425,
 
 665 S.E.2d 518
 
 , 522 (2008) ("The trial judge's comments during the hearing as to its consideration of the entire case file, evidence and law are not controlling; the written court order as entered is controlling."). In fact, this Court has held that the trial court can consider evidence presented
 
 following
 
 the oral rendering of the judgment in order to better inform its subsequent written judgment.
 
 Morris,
 

 199 N.C.App. at 433
 
 ,
 
 681 S.E.2d at 846
 
 (the trial court could consider an affidavit filed after rendering of the judgment in open court so long as it was filed before the trial court
 
 entered
 
 judgment);
 
 Fayetteville Publ'g,
 

 192 N.C.App. at 425-26
 
 ,
 
 665 S.E.2d at 522
 
 (the fact that there was only a short period of time "between hearing the motion and rendering the order in open court" is not dispositive of whether trial court fully weighed the evidence because the written order wasn't entered until days later);
 
 see also
 

 Stachlowski,
 

 328 N.C. at 282-83
 
 ,
 
 401 S.E.2d at 642-43
 
 ("The record indicates that on 17 January 1989, the trial court announced in open court that ... custody would not change from defendant to plaintiff. The court thus
 
 rendered
 

 *416
 
 judgment that day on the custody issue. There is no indication, however, that it made any direction to the clerk to
 
 enter
 
 judgment. On the contrary, the court directed counsel for defendant to "draw the Order." The parties continued to negotiate visitation privileges with the express understanding that counsel would not draw the order until the parties got 'squared away on ... Christmas.' Though the court
 
 rendered
 
 judgment as to custody on 17 January 1989, these circumstances do not establish an entry of judgment at that time.").
 
 *719
 
 What this Court has continually held, however, is that a notice of appeal from a judgment rendered in open court will not vest jurisdiction in this Court until that judgment is entered-meaning until a written judgment, generally conforming with the judgment rendered, is filed with the appropriate clerk.
 
 Abels,
 
 126 N.C.App. at 804-05, 486 S.E.2d at 738. The logical continuation of the reasoning of this holding is that jurisdiction will not vest in this Court if notice of appeal is given after oral rendering of the judgment but before entry of the judgment
 
 if
 
 the written judgment entered does not generally comply with the judgment rendered in open court. This is an issue of appellate jurisdiction, not a limitation on what the trial court may include in its written order. Though it does not appear that this Court has directly addressed this issue, it follows that an appellant must file a written notice of appeal from the written and entered judgment, even if that appellant has already filed a written notice of appeal from the orally rendered judgment,
 
 if the written and entered judgment does not generally comply with the earlier rendered judgment.
 
 However, the present case does not include any issues related to our jurisdiction or the validity or timeliness of the notice of appeal. Respondent-Father filed his notice of appeal
 
 following
 
 the
 
 entry
 
 of the order terminating his parental rights, so there was no requirement, for purposes of appellate jurisdiction, that the order entered 11 August 2015 generally conform with the order rendered in open court on 16 July 2015.
 
 See
 

 Morris,
 

 86 N.C.App. at 388-89
 
 ,
 
 358 S.E.2d at 126
 
 .
 

 This is not to say there are no circumstances in which deviation from judgments rendered in open court will constitute error. Respondent-Father relies on this Court's holding in
 
 In re J.C. & J.C.,
 

 236 N.C.App. 558
 
 ,
 
 783 S.E.2d 202
 
 (2014), which stated that "if there is a discrepancy between the written order and the oral rendering of the order in open court as reflected by the transcript, the transcript is considered dispositive."
 
 Id.
 
 at 562,
 
 783 S.E.2d at 205
 
 . In
 
 J.C.,
 
 which was an appeal from an order that changed custody of a child under DSS supervision, the trial court announced at the hearing that it was adopting all of the recommendations from the Department of Social Services, except that the department would continue to supervise visitation with the respondent-mother until it could find a replacement supervisor, and that the visitation would be every other week at DSS's offices.
 
 Id.
 
 at 562,
 
 783 S.E.2d at 205
 
 . However, the trial court's written order directly contradicted the order rendered from the bench and directed that the respondent-mother's visitation would be supervised by third parties at a visitation center, and at respondent-mother's expense.
 
 Id.
 
 at 562,
 
 783 S.E.2d at 205
 
 . Because this Court concluded that the differences between the oral
 
 *720
 
 rendering and the written order were substantive, we vacated the written order's visitation provisions, and remanded for entry of an amended order that accurately reflected the trial court's oral disposition.
 
 Id.
 
 at 562,
 
 783 S.E.2d at 205
 
 .
 

 Respondent-Father, relying on
 
 J.C.,
 
 argues that, because the order entered in the matter before us did not generally comply with the order rendered in open court, we, and the trial court, are bound by the order as rendered in open court on 16 July 2015, which did not address dependency as a ground for terminating his parental rights. In
 
 J.C.,
 
 this Court stated the following:
 

 "[A] judgment is entered when it is reduced to writing, signed by the judge, and filed with the clerk of court." N.C. Gen.Stat. § 1A-1, Rule 58 (2013). Thus, "[a]nnouncement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment."
 

 *417
 

 Abels v. Renfro Corp.,
 

 126 N.C.App. 800
 
 , 803,
 
 486 S.E.2d 735
 
 , 737 (1997). "If the written judgment conforms generally with the oral judgment, the judgment is valid."
 
 Edwards v. Taylor,
 

 182 N.C.App. 722
 
 , 727,
 
 643 S.E.2d 51
 
 , 54 (2007). However, if there is a discrepancy between the written order and the oral rendering of the order in open court as reflected by the transcript, the transcript is considered dispositive.
 
 See
 

 State v. Sellers,
 

 155 N.C.App. 51
 
 , 59,
 
 574 S.E.2d 101
 
 , 106-07 (2002).
 

 Id.
 
 at 562,
 
 783 S.E.2d at 205
 
 .
 

 However,
 
 J.C.
 
 appears to be in conflict with certain established precedents.
 
 J.C.
 
 cites to
 
 Edwards,
 
 which in turn cites
 
 Morris, supra.
 
 As stated above, this portion of
 
 Morris
 
 is discussing a situation when an order was
 
 entered
 
 orally in open court, then subsequently reduced to writing and filed.
 
 Morris,
 

 86 N.C.App. at 389
 
 ,
 
 358 S.E.2d at 127
 
 . Judgments and orders in civil cases can no longer be
 
 entered
 
 in open court and, therefore, this portion of
 
 Morris
 
 is no longer relevant. It is true that general conformity between the orally rendered judgment and the written judgment entered is still relevant for determining the validity of notices of appeal filed following oral rendering of the judgment, but before the judgment has been entered,
 
 Id.
 
 at 388-89,
 
 358 S.E.2d at 126
 
 , but that is not the situation before us. Further, the holding in
 
 Edwards
 
 that "[i]f the written judgment conforms generally with the oral judgment, the judgment is valid [,]"
 
 Edwards,
 

 182 N.C.App. at 727
 
 ,
 
 643 S.E.2d at 54
 
 , does not command the converse, i.e. that any written judgment
 
 *721
 
 that does not generally conform with the oral judgment is necessarily
 
 invalid.
 
 Though there may be situations when this is true, we can find no opinion in which it has been held that the written and entered judgment must always generally conform with a prior oral rendition of that judgment in order to be valid. However, as noted above, there are plenary opinions in which our appellate courts have affirmed entered judgments and orders that do not conform to the associated orally rendered judgments and orders.
 

 J.C.
 
 cites a criminal case,
 
 Sellers,
 
 for the proposition that "if there is a discrepancy between the written order and the oral rendering of the order in open court as reflected by the transcript, the transcript is considered dispositive."
 
 J.C.,
 

 236 N.C.App. at 562
 
 ,
 
 783 S.E.2d at 205
 
 .
 
 J.C.
 
 bases this statement on the following analysis in
 
 Sellers:
 

 Defendant asserts the trial court erred in failing to make the requisite finding that the aggravating factors outweighed the mitigating factors before sentencing defendant to an aggravated term for assault with a firearm on Officer Denny. The transcript reveals the trial court stated, "[t]he Court finds that the factors, factors in aggravation outweigh the factors in mitigation, and that an aggravated sentence is justified in the judgments to be entered." The form, however, leaves unchecked this important finding. From the transcript and the aggravated sentence imposed, it is clear that the court intended to have this box checked. Clerical errors are properly addressed with correction upon remand because of the importance that the records " 'speak the truth.' " Accordingly, upon remand the trial court should correct the clerical error when it enters a new judgment.
 

 Sellers,
 

 155 N.C.App. at 59
 
 ,
 
 574 S.E.2d at 106-07
 
 (citation omitted). This holding in
 
 Sellers
 
 stands for the proposition that, when it is apparent from the transcript that a clerical error has been committed on the written order, remand is appropriate so that the trial court can correct the clerical error.
 
 Sellers
 
 does not stand for the proposition that the trial court is always bound by its pronouncements in open court.
 

 As discussed above, prior opinions of this Court have made clear that, as a general proposition, the written and entered order or judgment controls over an oral rendition of that order or judgment.
 
 See, e.g.,
 

 Fayetteville Publ'g,
 

 192 N.C.App. at 425-26
 
 ,
 
 665 S.E.2d at 522
 
 . One panel of this Court cannot overrule a prior panel of this Court, or our Supreme
 
 *722
 
 Court.
 
 In the Matter of Appeal from Civil Penalty,
 

 324 N.C. 373
 
 , 384,
 
 379 S.E.2d 30
 
 , 37 (1989). To the extent that
 
 J.C.
 
 is in conflict with prior holdings of this Court, or our Supreme Court, we are bound by the prior holdings.
 
 *418
 
 Assuming
 
 arguendo J.C.
 
 is not in conflict with prior opinions, we believe it is limited to the facts in that case. In
 
 J.C.,
 

 the trial court made two statements [in open court] which constituted [the oral rendering of its] order regarding visitation: "I'm going to adopt the recommendations put for[th] by the Department with the exception that DSS will supervise until they can find a replacement[,]" and "I'm adopting every recommendation [by DSS] with the exception of the visitation will be at Social Services every other week." Nonetheless, in its written order, the trial court directly contradicted the order it rendered from the bench, instead adopting DSS's recommendation by ordering that respondent's visitation would continue to be at a visitation center at respondent's expense.
 

 J.C.,
 

 236 N.C.App. at 562
 
 ,
 
 783 S.E.2d at 205
 
 . In the present case, the trial court did not directly contradict itself. Instead, the trial court was silent on the ground of dependency at the end of the trial, apparently unaware of its omission. Neither Respondent-Father nor any other party alerted the trial court to the omission. No order or judgment had been entered at that time and, therefore, no party was bound by the judgment. The judgment entered, by filing of the written order terminating Respondent-Father's parental rights, included both grounds for termination argued at trial, neglect and dependency. Respondent-Father properly noticed appeal from this entered judgment. On these facts, we hold that the trial court was not bound by its oversight in rendering judgment, and that the written order, subsequently entered, controls.
 

 We further note that were we to find error in the trial court's omission in rendering judgment in open court, the remedy would be to remand for the trial court to make findings of fact and conclusions of law and determine whether DSS proved the ground of dependency. This, of course, the trial court has already done. This Court has decided that, when the trial court has failed to find
 
 any
 
 specific N.C. Gen.Stat. § 7B-1111 ground for terminating a respondent's parental rights, it will not dismiss the action, it will vacate the erroneous judgment and remand to the trial court, to either amend its order to demonstrate that it correctly found a ground for termination pursuant to
 
 *723
 
 N.C. Gen.Stat. § 7B-1111, or take other appropriate action to insure the matter was properly decided.
 
 See,
 
 e.g.,
 
 In re T.M.H.,
 

 186 N.C.App. 451
 
 , 456,
 
 652 S.E.2d 1
 
 , 3 (2007) ("We vacate the order and remand the matter to the trial court with instructions ..., if appropriate, to articulate conclusions of law that include the grounds under N.C.G.S. § 7B-1111(a) which form the basis for termination. The trial court may, in its discretion, receive additional evidence on remand.");
 
 In re D.R.B.,
 

 182 N.C.App. 733
 
 , 738-39,
 
 643 S.E.2d 77
 
 , 81 (2007) (this Court vacated a judgment that failed to articulate the specific grounds for termination and remanded for the trial court to make the appropriate findings and conclusions);
 
 see also
 

 In re T.B., C.P., & I.P.,
 

 203 N.C.App. 497
 
 , 509,
 
 692 S.E.2d 182
 
 , 190 (2010) (In adjudication hearing trial court adjudicated children dependent, but failed to adjudicate whether children were neglected as alleged in petition. This Court remanded for determination of the neglect allegation).
 

 In the present case, the trial court found that DSS had proven the two grounds alleged in its motion to terminate, neglect and dependency. Even assuming
 
 arguendo
 
 it was error for the trial court to fail to announce in open court that it would rule in favor of DSS on the ground of dependency, our remedy would be to remand to the trial court to give it the opportunity to provide findings and conclusions in support of terminating Respondent-Father's parental rights on the ground of dependency, assuming that was the trial court's intention. Because there is already a judgment, written and entered on 11 August 2015, in which the trial court ruled that the ground of dependency had been proven, remand would be an unnecessary delay, and a waste of judicial resources. We hold that the trial court was not precluded from finding dependency as a ground for terminating Respondent-Father's parental rights even though it did not include that ground when it rendered the judgment in open court.
 

 *419
 
 We now address dependency as a basis for the trial court's decision to terminate Respondent-Father's parental rights. The trial court concluded in its 11 August 2015 order:
 

 Grounds exist to terminate Respondent[s] parental rights under N.C.G.S. § 7 [B-]1111(6) in that Respondent [ ] is incapable of providing for the proper care and supervision of the juvenile, such that the juvenile is a dependent juvenile within the meaning of G.S. 7B-101 ; there is a reasonable probability that such incapability will continue for the foreseeable future; and Respondent lacks an appropriate alternative childcare arrangement.
 

 *724
 
 We find no evidence that the ground of dependency had been dismissed, and note that Respondent-Father's counsel put on evidence in an attempt to rebut the allegation that Respondent-Father lacked an appropriate alternative caregiver. The trial court was thus statutorily required to determine the existence or non-existence of the ground of dependency because it was alleged in the motion to terminate Respondent-Father's parental rights. N.C. Gen.Stat. § 7B-1109(e).
 

 Respondent-Father does not otherwise challenge the trial court's conclusion that termination of his parental rights was appropriate based upon the ground of dependency, and does not challenge the court's conclusion that termination of Respondent-Father's parental rights was in O.D.S.'s best interests. Because Respondent-Father does not argue on appeal that the trial court's findings of fact and conclusions of law do not support its determination that termination of his parental rights was proper based upon N.C. Gen.Stat. § 7B-1111(a)(6), we hold that this ground supports the trial court's decision to terminate Respondent-Father's parental rights. Thus, we need not address Respondent-Father's arguments regarding the ground of neglect,
 
 see
 

 In re N.T.U.,
 

 234 N.C.App. 722
 
 , 732,
 
 760 S.E.2d 49
 
 , 57 ("In termination of parental rights proceedings, the trial court's 'finding of any one of the ... enumerated grounds is sufficient to support a termination.' "),
 
 disc. review denied,
 
 - -- N.C. ----,
 
 763 S.E.2d 517
 
 (2014), and we affirm the trial court's order terminating Respondent-Father's parental rights to O.D.S.
 

 AFFIRMED.
 

 Judges BRYANT and STROUD concur.
 

 [1]
 

 The motion to terminate the parental rights of Mother was heard at a separate hearing, and she is not a party to this appeal.
 

 [2]
 

 This citation comes from the hearing transcript in
 
 Draughon.
 

 [3]
 

 "Prior to 1 July 1989, notice of appeal in civil actions could be given either in writing or orally in open court. Appellate Rule 3(a), however, was amended on 8 December 1988 to provide that an appeal in a civil action is taken, effective for all judgments entered on or after 1 July 1989, by filing notice of appeal with the clerk of superior court and serving copies thereof upon all other parties."
 
 Currin-Dillehay Bldg. Supply v. Frazier,
 

 100 N.C.App. 188
 
 , 189,
 
 394 S.E.2d 683
 
 , 683 (1990). Rule 3(a) also applies to orders.
 
 Abels v. Renfro Corp.,
 

 126 N.C.App. 800
 
 , 803-04,
 
 486 S.E.2d 735
 
 , 737-38 (1997).
 

 [4]
 

 But see
 

 Hopkins v. Hopkins,
 

 268 N.C. 575
 
 , 576,
 
 151 S.E.2d 11
 
 , 11-12 (1966) ("During a term of court a judgment is said to be within the breast of the court, and it may be changed at any time. It has been the settled rule for some time that any order or decree made was, during the term,
 
 in fieri,
 
 and that the court during the term could
 
 vacate
 
 or modify the same.");
 
 Stokes Co. Soil Conservation Dist. v. Shelton,
 

 67 N.C.App. 728
 
 , 731,
 
 314 S.E.2d 2
 
 , 4 (1984) (trial court can "change the judgment during the same term of court").
 

 [5]
 

 Once a judgment has been entered, the trial court cannot make substantial changes to that judgment without notice to the parties and an opportunity to be heard.
 
 See
 
 N.C. Gen.Stat. § 1A-1, Rules 59 and 60 ;
 
 Lee v. Lee,
 

 167 N.C.App. 250
 
 , 254,
 
 605 S.E.2d 222
 
 , 224-25 (2004) ;
 
 Scott v. Scott,
 

 106 N.C.App. 379
 
 ,
 
 416 S.E.2d 583
 
 (1992).