McGEE, Chief Judge, dissenting.
*652 I respectfully dissent from the majority opinion's holding that this Court, pursuant to In re L.V. , --- N.C. App. ----, 814 S.E.2d 928 (2018), must dismiss Respondent's Rule 3.1(d) appeal. I agree with the analysis of the concurring opinion, and adopt that analysis, excepting its ultimate conclusion that we are bound by In re L.V. , and must therefore dismiss Respondent's appeal. I agree with the concurring opinion that In re L.V. was not correctly decided. As noted by both the majority and concurring opinions, we would normally be bound by In re L.V. ; however, I believe the holding in In re L.V. is contrary to settled law from prior opinions of this Court. Therefore, this Court in In re L.V. was without the authority to "overrule" the prior opinions of this Court, and those prior opinions remain controlling in the present matter.
As the concurring opinion notes, "our Court has consistently interpreted Rule 3.1(d) to require our Court to conduct an independent review in termination of parental rights cases in which counsel filed a no-merit brief and the respondent-parent did not file a pro se brief." I also agree that " In re L.V. is an anomaly in our case law[.]" Rule 3.1(d) does not require a parent to file a pro se brief.
Rule 3.1(d) states:
No-Merit Briefs. In an appeal taken pursuant to N.C.G.S. § 7B-1001, if, after a conscientious and thorough review of the record on appeal, appellate counsel concludes that the record contains no issue of merit on which to base an argument for relief and that the appeal would be frivolous, counsel may file a no-merit brief. In the brief, counsel shall identify any issues in the record on appeal that might arguably support the appeal and shall state why those issues lack merit or would not alter the ultimate result. Counsel shall provide the appellant with a copy of the no-merit brief, the transcript, the record on appeal, and any Rule 11(c) supplement or exhibits that have been filed with the appellate court. Counsel shall also advise the appellant in writing that the appellant has the option of filing a pro se brief within *582 thirty days of the date of the filing of the no-merit brief and shall attach to the brief evidence of compliance with this subsection.
N.C. R. App. P. 3.1(d) (emphasis added).
*653 In In re L.V. , this Court dismissed Respondent's no-merit appeal based on the following reasoning:
Respondent appeals from orders terminating her parental rights to the minor children L.V. and A.V. On appeal, Respondent's appellate counsel filed a no-merit brief pursuant to Rule 3.1(d) stating that, after a conscientious and thorough review of the record on appeal, he has concluded that the record contains no issue of merit on which to base an argument for relief.[6] N.C. R. App. P. 3.1(d). Respondent's counsel complied with all requirements of Rule 3.1(d), and Respondent did not exercise her right under Rule 3.1(d) to file a pro se brief. No issues have been argued or preserved for review in accordance with our Rules of Appellate Procedure.[7]
In re L.V. , --- N.C. App. at ----, 814 S.E.2d at 928-29 (footnotes in original).[8]
The majority opinion holds that we are bound by In re L.V. and must dismiss Respondent's appeal. However, this Court has continually conducted the Anders -type review provided for in Rule 3.1(d), absent any accompanying pro se briefs from the respondents, both before and after In re L.V. was filed on 3 July 2018.[9] Rule 3.1(d) requires a respondent's counsel who appeals pursuant to Rule 3.1(d) to file an appellate brief, which must include issues identified by counsel "that might arguably support the appeal and [counsel] shall state [in the no-merit brief] why those issues lack merit or would not alter the ultimate result." N.C. R. App. P. 3.1(d). Though not explicitly stated in Rule 3.1(d), it seems clear that the purpose in allowing attorneys to file no-merit briefs is to allow a respondent's counsel to request review by this Court of the respondent's record for potential error even though counsel has not been able to identify any error counsel believes warrants relief on appeal. Pursuant to *654 the reasoning implicit in In re L.V. , the actual no-merit brief required to be filed by a respondent's counsel is itself unreviewable -i.e. appellate counsel's request to this Court to conduct the review as argued in the no-merit brief does not constitute an issue preserved for appellate review. This Court considered the same reasoning in Velasquez-Cardenas , where we rejected the dicta now relied upon in In re L.V. :
In the present matter, the concurring opinion, relying on N.C. R. App. P. 28, argues that we should not address the Anders issue in this opinion because it was not first brought up and argued in Defendant's brief. We believe the fact that Defendant's attorney filed an Anders brief is sufficient to raise the issue and present it for appellate review.
Velasquez-Cardenas , --- N.C. App. at ----, 815 S.E.2d at 18 (some emphasis added); see also State v. Chance , 347 N.C. 566, 568, 495 S.E.2d 355, 356 (1998) (Finding "no error" because "[i]n accordance with our duty under Anders , we have examined the record and the transcript of the trial. From this examination, we find the appeal to be wholly frivolous."). Because the defendant in Velasquez-Cardenas did not have any constitutional right to Anders review, the question of whether an Anders -type brief preserved any issues for appellate review had to be decided. This Court rejected the reasoning of the *583 concurring opinion, and held that the brief requesting Anders -type review did present appropriate issues for appellate review, Rule 28(b)(6) notwithstanding. Id. In Velasquez-Cardenas we also factored into our analysis that this Court had a long, uninterrupted history of conducting full Anders -type review from denials of motions requesting post-conviction DNA testing, and our authority to conduct that review had never before been questioned. Id. at ----, 815 S.E.2d at 11-12. In part of the analysis, this Court also recognized that review pursuant to Rule 3.1(d) was an Anders -type review: "Our Supreme Court added a provision to our Rules of Appellate Procedure, effective for all cases appealed after 1 October 2009, allowing an Anders -like procedure for appeals taken pursuant to N.C. Gen. Stat. § 7B-1001, including from TPR orders. N.C. R. App. P. 3.1(d)." Id. at ----, 815 S.E.2d at 16.
However, if we follow In re L.V. , upon a Rule 3.1(d) appeal, this Court will be limited to review of only those issues included in a respondent's pro se brief-should respondent chose to file one.[10] Nothing prior to the adoption of Rule 3.1(d) prevented a respondent from filing a pro *655 se appeal. Therefore, assuming the holding in In re L.V. to be correct, I do not see how the adoption of Rule 3.1(d) has materially benefitted respondents, or expanded the scope of appellate review, in any manner.[11]
The majority opinion in this case holds, based upon In re Civil Penalty , 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted) ("[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court"), that we are bound by In re L.V. The concurring opinion agrees. I agree that In re Civil Penalty controls the outcome, but would reach a different result. In In re Civil Penalty , our Supreme Court reasoned and held as follows:
This Court has held that one panel of the Court of Appeals may not overrule the decision of another panel on the same question in the same case. The situation is different here since this case and N.C. Private Protective Services Board v. Gray , do not arise from the same facts. In Virginia Carolina Builders , however, we indicated that the Court will examine the effect of the subsequent decision, rather than whether the term "overrule" was actually employed . We conclude that the effect of the majority's decision here was to overrule [a prior opinion of the Court of Appeals]. This it may not do. Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.
We hold ... that a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court.
Id. at 384, 379 S.E.2d at 36-37 (citations omitted) (emphasis added).[12] As this Court held in a recent opinion affirming the termination of a father's parental rights: "To the extent that J.C. is in conflict with prior holdings of this Court, ... we are bound by the prior holdings."
*656 In re O.D.S. , --- N.C. App. ----, ----, 786 S.E.2d 410, 417, disc. review denied , 369 N.C. 43, 792 S.E.2d 504 (2016). "[P]recisely because of In re Civil Penalty , when there are conflicting lines of opinions from this Court, we generally look to our earliest relevant opinion in order to resolve the conflict." State v. Meadows , --- N.C. App. ----, ----, 806 S.E.2d 682, 693 (2017), disc. review allowed , -- N.C. ----, 812 S.E.2d 847 (2018).; see also *584 State v. Jones , 358 N.C. 473, 487, 598 S.E.2d 125, 134 (2004) ; State v. Alonzo , --- N.C. App. ----, ----, 819 S.E.2d 584, 586-87, 2018 WL 3977546, *2 (2018) (this Court is bound to follow an earlier decision of this Court, not a later decision that is in conflict with the earlier decision); Boyd v. Robeson Cty. , 169 N.C. App. 460, 470 and 477, 621 S.E.2d 1, 7 and 12 (2005) (citation omitted) (certain of this Court's "decisions ... effectively overrule [a prior decision of this Court]. It is, however, axiomatic that an appellate panel may not interpret North Carolina law in a manner that overrules a decision reached by another panel in an earlier opinion." Therefore, we held that the later opinion was without precedential effect.).
The change proposed by In re L.V. can only be adopted if this Court rejects nearly a decade of appellate practice and precedent set following the 2009 enactment of Rule 3.1(d) by our Supreme Court. I believe the "effect" of the holding in In re L.V. is to overrule the precedent set by the prior opinions of this Court, which it cannot do. In re O.D.S. , --- N.C. App. at ----, 786 S.E.2d at 417. Since the enactment of Rule 3.1(d), I have been able to locate seventy-six opinions, published and unpublished, filed prior to In re L.V. , in which one or both respondent-parents' counsel have sought review pursuant to the no-merit provisions of Rule 3.1(d). One of those opinions was dismissed because no proper notice of appeal was filed. In re D.L.M. , 208 N.C. App. 281, 702 S.E.2d 555, 2010 WL 5135556, *2-3 (2010) (unpublished). Of the remaining seventy-five opinions involving no-merit appeals, unsurprisingly, only three are published.[13] In re A.A.S. , --- N.C. App. ----, ----, 812 S.E.2d 875, 879 (2018) ; In re M.J.S.M. , --- N.C. App. ----, ----, 810 S.E.2d 370, 374-75 (2018) ; and In re M.S. , 247 N.C. App. 89, 94, 785 S.E.2d 590, 593-94 (2016).
This Court conducted full Anders -type reviews pursuant to Rule 3.1(d) in all seventy-five appeals it decided prior to In re L.V. In only one out of the seventy-five appeals- In re A.L.W. -did the respondent-parent exercise "the option of filing a pro se brief" as allowed by Rule 3.1(d). N.C. R. App. P. 3.1(d); In re A.L.W. , --- N.C. App. ----, 803 S.E.2d 665 (2017) (unpublished) ("Respondent-mother filed pro se arguments *657 with this Court challenging the trial court's decision to terminate her rights. Her pro se brief, however, contains no 'citations of the authorities upon which the appellant relies,' N.C. R. App. P. 28(b)(6), and provides no basis to disturb the trial court's orders."). Nonetheless, this Court in In re A.L.W. still conducted the full Rule 3.1(d) Anders -type review based upon the respondent's attorney's no-merit brief. Id. In the remaining seventy-four opinions, this Court conducted a full Anders -type no-merit review pursuant to Rule 3.1(d) even though none of the respondents in those appeals filed pro se briefs to accompany their attorneys' no-merit briefs.[14] I cannot find any case prior to In re L.V. in which this Court indicated any necessity that a respondent- parent file a pro se brief in order to activate this Court's jurisdiction or authority to consider the no-merit brief filed by the respondent's attorney. Following the filing of In re L.V. , this Court has conducted full Anders -type review, absent any pro se filings from the respondents, in four out of the five appeals it has decided. Out of eighty opinions filed by this Court involving no-merit briefs, only two- In re L.V. and In re A.S. , --- N.C. App. ----, 817 S.E.2d 798, 2018 WL 4201062 (2018) (unpublished)-have declined to conduct the Anders -type review requested in the no-merit briefs filed by the respondents' attorneys.
It is presumed that this Court acts correctly. This Court is required to dismiss an appeal, even sua sponte , whenever it is without jurisdiction or authority to act.[15] This duty is not in any manner diminished when this Court decides not to publish an opinion. This *585 Court impliedly holds that it has the jurisdiction and authority to act whenever it considers the merits of an appeal. Though this Court may, in certain circumstances, recognize that is has been acting without authority and correct that error,[16] it may not do so lightly, nor without citation to the earlier precedent that served to invalidate the later holdings. I believe this Court's three published opinions that predate In re L.V. -and which are in complete accord with every one of this Court's relevant unpublished opinions filed before In re L.V. , have thoroughly established the *658 appropriate requirements of Rule 3.1(d)-including the consequences of the failure of a respondent to file a pro se brief.
In a published opinion filed on 20 March 2018, this Court conducted the following review of the respondent-father's appeal:[17]
Counsel for Respondent-Father filed a no-merit brief on his behalf, pursuant to N.C. R. App. P. 3.1(d), stating "[t]he undersigned counsel has made a conscientious and thorough review of the [r]ecord on [a]ppeal .... Counsel has concluded that there is no issue of merit on which to base an argument for relief and that this appeal would be frivolous." Counsel asks this Court to "[r]eview the case to determine whether counsel overlooked a valid issue that requires reversal." Additionally, counsel demonstrated that he advised Respondent-Father of his right to file written arguments with this Court and provided him with the information necessary to do so. Respondent-Father failed to file his own written arguments .
Consistent with the requirements of Rule 3.1(d), counsel directs our attention to two issues: (1) whether the trial court erred in concluding that grounds existed to terminate Respondent-Father's parental rights and (2) whether the trial court abused its discretion in determining that it was in the children's best interests to terminate Respondent-Father's parental rights. However, counsel acknowledges he cannot make a non-frivolous argument that no grounds existed sufficient to terminate Respondent-Father's parental rights or that it was not in the children's best interests to terminate his parental rights.
We do not find any possible error by the trial court . The 25 April 2017 order includes sufficient findings of fact, supported by clear, cogent, and convincing evidence to conclude that at least one statutory ground for termination existed under N.C.G.S. § 7B-1111(a)(1). Moreover, the trial court made appropriate findings on each of the relevant dispositional factors and did not abuse its discretion in assessing the children's best interests. Accordingly, we affirm the trial court's order as to the termination of Respondent-Father's parental rights.
*659 In re A.A.S. , --- N.C. App. at ----, 812 S.E.2d at 879 (citations omitted) (emphasis added); see also In re M.J.S.M. , --- N.C. App. at ----, 810 S.E.2d at 374-75 ; In re M.S. , 247 N.C. App. at 94, 785 S.E.2d at 593-94. I believe this Court's prior published opinions- In re A.A.S. , In re M.J.S.M. and In re M.S. -constitute controlling precedent, and mandate that this Court conduct a full Anders -type review whenever a respondent's attorney files a no-merit brief and complies with the requirements of Rule 3.1(d). In re L.V. could not have "overruled" these prior opinions. In re O.D.S. , --- N.C. App. at ----, 786 S.E.2d at 417.
In the present case, as required by Rule 3.1(d), Respondent's attorney compiled and filed the 279 page record; composed and filed a twenty-four page no-merit brief that "identif[ied] issues in the record on appeal that might arguably support the appeal and [ ] state[d] why those issues lack merit or would not alter the ultimate result[;]" provided notice *586 to Respondent and provided Respondent with the required materials; and attached evidence of compliance with the requirements of Rule 3.1(d) to the no-merit brief. DSS and the child's guardian ad litem also filed appellee briefs. Respondent did not avail himself of "the option of filing a pro se brief" as permitted by Rule 3.1(d).
Respondent's attorney complied with the requirements of Rule 3.1(d) for requesting an Anders -type review of the no-merit brief by this Court. Because I believe we are bound by the precedent set in In re M.S., and subsequently followed by In re A.A.S. and In re M.J.S.M., I believe In re Civil Penalty and its progeny require that we disregard the conflicting holding in In re L.V. , and conduct the requested Rule 3.1(d) Anders -type review.
Upon conducting the appropriate review, I would agree with Respondent's counsel and hold that the trial court's findings of fact support its conclusions that grounds existed to terminate Respondent's parental rights pursuant to N.C. Gen. Stat. §§ 7B-1111(a)(1) and 7B-1111(a)(2) (2017), and that termination of Respondent's parental rights was in the best interest of the child. I would further agree that review of the record reveals no errors occurred at trial that would warrant reversal. I would therefore affirm.

"In accordance with Rule 3.1(d), appellate counsel provided Respondent with copies of the no-merit brief, trial transcript, and record on appeal and advised her of her right to file a brief with this Court pro se on 11 April 2018."

" 'Rule 3.1(d) does not explicitly grant indigent parents the right to receive an Anders -type review of the record by our Court, which would allow our Court to consider issues not explicitly raised on appeal.' State v. Velasquez-Cardenas , --- N.C. App. ----, ----, 815 S.E.2d 9, 20 (2018) (Dillon, J., concurring)."

I join the concurring opinion in pointing out that the sole "authority" cited by In re L.V. is dicta obtained from a concurring opinion in a criminal matter, devoid of precedential value. The holding of In re L.V. is therefore supported by no legal authority.

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

As noted below, since the adoption of Rule 3.1(d) only a single respondent has chosen to file any sort of pro se response.

Respondents perhaps receive some benefit by their attorney's work in compiling and filing the record, and by performing some other ministerial actions.

The 2016 amendment of N.C. Gen. Stat. § 7A-16 created a procedure for en banc review by this Court of its own decisions, but In re Civil Penalty is still the law with respect to the decisions of three judge panels of this Court.

By definition, no-merit appeals are likely to be decided without great difficulty, and are unlikely to include novel issues of law.

Had the reasoning in In re L.V. been applied to all no-merit appeals since the adoption of Rule 3.1(d), this Court would still be waiting to conduct its first review of an appeal pursuant to Rule 3.1(d), because only one pro se "brief" has been filed since 2009, and that "brief" was not even considered due to Rule 28(b)(6) violations.

Unless it applies an authorized discretionary writ or rule to allow review.

If, for example, this Court determines that it has been operating in ignorance of contrary holdings of prior opinions of this Court, or of our Supreme Court, it must acknowledge and adhere to that prior binding precedent-in effect "correct course" and disavow the prior incorrect holdings. In re O.D.S. , --- N.C. App. at ----, 786 S.E.2d at 417.

Both the respondent-father and the respondent-mother appealed termination of their parental rights. Only the respondent-father's appeal was pursuant to Rule 3.1(d).