IN THE MATTER OF: ZHOMA WILINA LITTLE, MINOR CHILD v. TINA LITTLE, RESPONDENT v. BUNCOMBE COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER, AND GUARDIAN AD LITEM, PETITIONER

No. COA96-1394

(Filed 5 August 1997)

**Parent and Child § 116 (NCI4th)— termination of parental rights—right to counsel—no waiver by inaction**

> In an action brought by the Department of Social Services to terminate the parental rights of respondent, an indigent, the trial court erred by denying respondent's request for a court appointed counsel at her hearing even though respondent failed to file an answer or any pleadings and she did not request an attorney prior to the hearing. Pursuant to N.C.G.S. § 7A-289.23, if a parent is present at the hearing, waiver can result only from an examination by the trial court and a finding of a knowing and voluntary waiver.

Appeal by respondent from judgment entered 16 August 1996 by Judge Rebecca B. Knight in Buncombe County District Court. Heard in the Court of Appeals 5 June 1997.

*Charlotte A. Wade for petitioner-appellee Buncombe County Department of Social Services.*

*Michael E. Casterline for respondent-appellant.*

LEWIS, Judge.

The only issue in this appeal from an order terminating respondent's parental rights is whether the trial court erred in not providing court appointed counsel for respondent at the hearing.

Respondent is the natural mother of Zhoma Little, born 24 October 1994. The Buncombe County Department of Social Services ("DSS") took custody of the minor child on 9 November 1994. On 20 February 1996, DSS filed a petition to terminate respondent's parental rights to the minor child. The initial summons was returned unserved. A second summons was issued and served on 9 April 1996.

At the 19 July 1996 hearing, respondent requested court appointed counsel. The trial court found that since she had not filed an answer or any other pleading and had not previously asked for an attorney, she had waived the right to court appointed counsel "by her lack of action." Respondent appeals.

On appeal, respondent makes three assignments of error. However, she does not argue the third in her brief and it is deemed abandoned. *See* N.C.R. App. P. 28(b)(5) (1997).

Respondent first argues that the trial court erred by not allowing her the opportunity to obtain counsel at her hearing as she requested. She argues that the trial court failed to properly follow the procedure set forth in N.C. Gen. Stat. sections 7A-289.23, 289.27 and 289.30. Since we conclude that the statutes do not provide for waiver by inaction, we agree.

We initially point out that our Court has already recognized that a "parent['s] right to counsel in a proceeding to terminate parental rights is now guaranteed in all cases by statute" and that "[a] parent's interest in the accuracy and justice of the decision to terminate his or her parental rights is a commanding one." *In re Bishop*, 92 N.C. App. 662, 664, 375 S.E.2d 676, 678 (1989). With these thoughts in mind, we entertain the arguments presented by this appeal.

N.C. Gen. Stat. section 7A-289.23 states that "[t]he parent has the right to counsel and to appointed counsel in cases of indigency unless the parent waives the right." N.C. Gen. Stat. § 7A-289.23 (1995). N.C. Gen. Stat. section 7A-289.27 requires a summons issued for the purpose of terminating parental rights to include: "Notice that if they are indigent, the parents are entitled to appointed counsel. The parents *may* contact the clerk immediately to request counsel." N.C. Gen. Stat. § 7A-289.27(b)(3) (1995) (emphasis added). Finally, N.C. Gen. Stat. section 7A-289.30 states:

> The court shall inquire whether the child's parents are present at the hearing and, if so, whether they are represented by counsel. If the parents are not represented by counsel, the court shall inquire whether the parents desire counsel but are indigent. In the event that the parents desire counsel but are indigent as defined by G.S. 7A-450(a) and are unable to obtain counsel to represent them, the court *shall* appoint counsel to represent them. . . . In the event that the parents do not desire counsel and are present at the hearing, the court shall examine each parent and make findings of fact sufficient to show that the waivers were *knowing and voluntary*.

N.C. Gen. Stat. § 7A-289.30(a1) (1995) (emphasis added).

It is clear from reading the above statutes that the General Assembly did not intend to allow for waiver of court appointed counsel due to inaction prior to the hearing. G.S. 7A-289.30 makes it quite

clear that if the parent is present at the hearing, which respondent undoubtedly was, and does not waive representation, counsel "shall" be appointed. It is irrelevant how a respondent gets to the hearing. This respondent was in jail and had made no effort to answer or contact anyone. Petitioner sent for her and had her brought into court for the hearing. If the party is present in court, waiver can only result from an examination by the trial court and a finding of knowing and voluntary waiver. This Court has previously held that the hearing must be held even in cases where a parent has failed to answer. *See In re Tyner*, 106 N.C. App. 480, 483, 417 S.E.2d 260, 261 (1992). Furthermore, the summons issued to respondent in this case clearly states: "Parents are entitled to have counsel appointed by the court if they cannot afford one, provided that they request such counsel *at or before the time of hearing on this matter*." (Emphasis added).

In the present case, there was no examination as described in G.S. 7A-289.30. Respondent was present at the hearing, requested appointed counsel, but was denied. There is no support, statutory or otherwise, for the trial court's ruling that in North Carolina the right to counsel can be waived by inaction prior to the termination hearing. This ruling was error and is certainly prejudicial. We remand this matter to the trial court for a new hearing.

Due to our resolution of this matter, we do not address respondent's remaining assignment of error.

Reversed and remanded.

Judges WYNN and MARTIN, John C., concur.