**STATE v. CHANCE**

[347 N.C. 566 (1998)]

For the reasons stated herein, the decision of the Court of Appeals is reversed.

REVERSED.

═══════════════

STATE OF NORTH CAROLINA v. ROBERT EARL CHANCE

No. 247PA96

(Filed 6 February 1998)

1. **Constitutional Law § 318 (NCI4th)— representation of defendant on appeal—compliance with *Anders v. California***

   Defendant's counsel on appeal from a first-degree murder conviction complied with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, where she filed a brief stating that she could not in good faith argue any assignments of error, sent the record and transcript of the trial to defendant and advised him that she had assigned as error that there was insufficient evidence to convict defendant of first-degree murder, and advised defendant further that he could file a brief with the Supreme Court making whatever arguments he desired to make. ·

2. **Homicide § 232 (NCI4th)— first-degree murder—sufficiency of evidence**

   It is frivolous to argue that there was insufficient evidence to support defendant's conviction of first-degree murder where the evidence tended to show that defendant entered the home of his mother-in-law carrying a 12-gauge shotgun and shot his wife to death in front of two witnesses without any threat from his wife to him.

On writ of certiorari from a judgment entered by Griffin, J., on 25 April 1995 in Superior Court, Martin County, sentencing the defendant to life imprisonment for first-degree murder. Calendared for argument in the Supreme Court 9 September 1997; determined on the briefs without oral argument.

*Michael F. Easley, Attorney General, by Teresa L. Harris, Associate Attorney General, for the State.*

**STATE v. CHANCE**

[347 N.C. 566 (1998)]

*Regina A. Moore for defendant-appellant.*

*Robert Earl Chance, defendant, pro se.*

WEBB, Justice.

The defendant appeals from a sentence of life in prison imposed after he was convicted of first-degree murder in a case in which the State did not seek the death penalty. The evidence favorable to the State showed that the defendant shot his wife to death with a 12-gauge shotgun in the presence of two witnesses.

[1] The defendant's attorney has filed a brief in which she says she "has diligently researched the issues and cannot, in good faith, argue any grouping of exceptions or assignments of error." She has also sent the record and transcript of the trial to the defendant and advised him that she has assigned as error that there was insufficient evidence to convict the defendant of first-degree murder. She has advised the defendant further that he may file a brief with this Court making whatever arguments he desires to make. The defendant has filed what he denominates a motion for appropriate relief, which we shall treat as a brief.

We hold that defendant's counsel has complied with *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493 (1967). She stated in her brief that she could not in good faith argue any assignments of error. "This is tantamount to a conclusion that the appeal is wholly frivolous." *State v. Kinch*, 314 N.C. 99, 102, 331 S.E.2d 665, 666 (1985). She also advised the defendant that he may file a brief raising any points he desires to raise. This is what is required by *Anders*, 386 U.S. at 744, 18 L. Ed. 2d at 498.

[2] We agree with the conclusion of the defendant's attorney that it is frivolous to argue that there was not sufficient evidence to support a conviction of first-degree murder. There was evidence that the defendant entered the home of his mother-in-law carrying a 12-gauge shotgun and shot his wife to death in front of two witnesses without any threat from his wife to him. This evidence supports a conviction of first-degree murder. *State v. Hamby*, 276 N.C. 674, 174 S.E.2d 385 (1970), *death sentence vacated*, 408 U.S. 937, 33 L. Ed. 2d 754 (1972).

The defendant argues in his *pro se* brief that he had ineffective assistance of counsel. He bases this on what he says was his counsel's failure to properly perfect his appeal and "improper preparation." As to the perfection of the appeal, the defendant's counsel gave notice of

appeal and petitioned for a writ of certiorari, which was allowed. No more than this is required in perfecting an appeal. As to what the defendant calls "improper preparation," he does not say what was not proper about his attorney's preparation.

In accordance with our duty under *Anders*, we have examined the record and the transcript of the trial. From this examination, we find the appeal to be wholly frivolous.

NO ERROR.