McCULLOUGH, Judge.
Respondent-mother appeals from the trial court's order which terminated her parental rights. A brief summary of the facts follows.
On 25 January 1999, the Guilford County Department of Social Services (DSS) filed a petition alleging abuse and neglect. The parties stipulated that there was a finding of neglect and dependency because respondent-mother failed to comply with the case plan regarding adequate supervision and did not obtain appropriate medical treatment for one of the children. At that time, respondent-mother entered into a contract of reunification which included an assessment through Alcohol and Drug Services and a parenting assessment through the Guilford County Area Mental Health Authority. Further, respondent-mother was required to pay the minimum of $50.00 per month in child support.
The court conducted regularly scheduled reviews on 21 April 1999, 16 July 1999, 22 October 1999, 28 April 2000, 28 June 2000, 22 September 2000, and 16 March 2001. On 1 December 1999, respondent-mother was served with a petition to terminate her parental rights.
In June of 2001, the trial court conducted the termination of parental rights hearing. After considering all of the evidence, the trial court terminated the rights of both parents. Respondent-mother appeals.
On appeal, respondent-mother argues that the trial court erred by: (1) failing to conduct a bifurcated proceeding, (2) permitting termination even though respondent-mother was not properly served, (3) making findings of facts that were not supported by clear and convincing evidence, (4) allowing respondent-mother to be without an attorney, and (5) admitting an irrelevant exhibit. We disagree and affirm the decision of the trial court.
I. Failure to Conduct a Bifurcated Proceeding
Defendant argues that the trial court erred by failing to conduct a bifurcated proceeding. Termination of parental rights is a two-step procedure. N.C. Gen. Stat. § 7B-1109 (2003); N.C. Gen. Stat. § 7B-1110 (2003). During the initial adjudication phase of the trial, the petitioner seeking termination must show by clear, cogent, and convincing evidence that grounds exist to terminate parental rights. In re Young, 346 N.C. 244, 247, 485 S.E.2d 612, 614 (1997). If the trial court concludes that there is any ground for termination, the court then moves to the dispositional stage where it determines whether termination is in the child's best interests. Id. at 247, 485 S.E.2d at 615.
Our appellate courts have considered whether the trial court must conduct a bifurcated hearing. This Court has determined that "although the court is required to apply different evidentiary standards at each of the two stages, we discern no requirement . . . that the stages be conducted at two separate hearings." In re White, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, disc. review denied, 318 N.C. 283, 347 S.E.2d 470 (1986). This principle was affirmed in In re Dhermy, 161 N.C. App. 424, 433, 588 S.E.2d 555, 560 (2003). There, we stated that nothing in our statutes or case law mandates separate hearings for the adjudicatory and dispositional phases. Id. Based on this authority, we conclude that the trial court properly conducted the hearing in this case.
In a related argument, respondent-mother contends that the trial court failed to rule on the record that there was clear, cogent, and convincing evidence to terminate her parental rights. However, the order states unequivocally that "[t]he grounds alleged in the two Petitions to Terminate Parental Rights have been proved by clear and convincing evidence." We overrule this assignment of error.
II. Improper Service
Respondent-mother argues that the trial court lacked jurisdiction because she was not served properly. We disagree. "[B]ringing parties into court by process is not the only way courts acquire jurisdiction over them; another time honored, equally efficacious mode of acquiring jurisdiction over defendants is their voluntary appearance in court for any purpose other than to specially challenge the court's jurisdiction." Blackwell v. Massey, 69 N.C. App. 240, 243, 316 S.E.2d 350, 352 (1984).
In the present case, respondent-mother generally appeared. She responded to the petition to terminate her parental rights, asked the court to deny the petition, appeared in court, and testified on her own behalf. Through her voluntary actions, respondent-mother allowed the court to acquire jurisdiction. Therefore, this assignment of error is overruled.
III. Findings of Fact
Respondent-mother suggests that there is no competent evidence to support the trial court's findings of fact and the findings of fact do not support the conclusions of law.
"The standard for review in termination of parental rights cases is whether the findings of fact are supported by clear, cogent and convincing evidence and whether these findings, in turn, support the conclusions of law." In re Clark, 72 N.C. App. 118, 124, 323 S.E.2d 754, 758 (1984). If the petitioner meets his burden and the trial court's findings of fact support any one of the grounds in N.C. Gen. Stat. § 7B-1111, we should affirm the order terminating the parent's rights. In re Swisher, 74 N.C. App. 239, 240, 328 S.E.2d 33, 35 (1985) (stating this standard with regard to N.C. Gen. Stat. § 7A-289.32, which was repealed. See now N.C. Gen. Stat. § 7B-1111 (2003)).
A "court may terminate the parental rights upon a finding . . . [that] [t]he parent has . . . neglected the juvenile. The juvenile shall be deemed to be . . . neglected if the court finds the juvenile to be . . . a neglected juvenile within the meaning of G.S. 7B-101[.]" N.C. Gen. Stat. § 7B-1111(a)(1) (2003). A neglected juvenile is
[a] juvenile who does not receive proper care, supervision, or discipline from the juvenile's parent, guardian, custodian, or caretaker; or who has been abandoned; or who is not provided necessary medical care; or who is not provided necessary remedial care; or who lives in an environment injurious to the juvenile's welfare[.]
N.C. Gen. Stat. § 7B-101(15) (2003).
In this case, there is clear, cogent, and convincing evidence that respondent-mother neglected the children. First, the parties stipulated that there was a prior finding of neglect. The parties agreed that respondent-mother did not comply with the case plan regarding supervision and failed to obtain medical treatment for one of the children.
We are aware that "[t]he trial court must also consider any evidence of changed conditions in light of the evidence of prior neglect and the probability of a repetition of neglect." In re Ballard, 311 N.C. 708, 715, 319 S.E.2d 227, 232 (1984). Here, the trial court did consider evidence of changed circumstances. In finding of fact 5, the court noted that the children "have remained neglected" based on respondent-mother's noncompliance with the service agreement. In particular, the trial court found that respondent-mother visited infrequently, was unable to maintain stable employment, and could not provide an adequate home to care for the children.
Competent evidence in the record supports this finding. A social worker, Rosetta Darden, testified that respondent-mother missed a number of visits with her children. Darden also indicated that respondent-mother had been fired from at least three jobs. Finally, Darden revealed that respondent-mother's home was inadequate for the children because an individual who was involved with drugs and had a criminal record lived there.
We conclude that there is clear, cogent, and convincing evidence that respondent-mother neglected the children. Since we have found one basis for the termination of parental rights, we need not consider whether termination was appropriate based on any of the other statutory grounds. In re Davis, 116 N.C. App. 409, 413, 448 S.E.2d 303, 305, disc. review denied, 338 N.C. 516, 452 S.E.2d 808 (1994).
IV. Allowing Respondent to be Without Representation
Respondent contends that the trial court improperly allowed her to be without counsel. N.C. Gen. Stat. § 7B-1101 (2003) provides that in proceedings related to the termination of parental rights, "[t]he parent has the right to counsel and to appointed counsel in cases of indigency unless the parent waives the right." In this case, the trial court did everything it possibly could to ensure that respondent-mother had representation. At the adjudication hearing on 27 January 1999, respondent-mother appeared with her first attorney. The first review hearing occurred in April of 1999, and once again, respondent-mother and her first attorney were present. At that time, the trial court allowed the first attorney to withdraw and appointed a second attorney.
On 16 July 1999, respondent-mother failed to appear, but her second attorney did attend the hearing. At the next hearing, the second attorney indicated that she had no contact with respondent-mother for six months. Because of this lack of contact, the trial court allowed the second attorney to withdraw from the case.
Respondent-mother contends that this violated her rights because she had no representation at the 28 April 2000 hearing. This argument is unpersuasive because the purpose of that hearing was to appoint an attorney for one of the fathers whose paternity had recently been established. The trial court did nothing to adversely affect respondent-mother's rights, and respondent-mother had representation during all subsequent proceedings, including at the termination of parental rights hearing. Furthermore, respondent-mother has not cited any case or other legal authority which would warrant reversal under these circumstances.[1] We overrule this assignment of error.
V. Relevance of an Exhibit
Respondent-mother argues that the trial court erred in admitting an exhibit that was irrelevant to the determination of the case. We disagree. The exhibit in question was a family services case plan, an agreement which respondent-mother and a social worker signed. The case plan was designed to set objectives to achieve the goal of finding a safe and permanent home for the children. It explained why the children were neglected and why they were removed from the home. Furthermore, the plan described what steps respondent-mother needed to take so that she could provide a safe home for the children.
We believe that the case plan was relevant to the trial court's determination of whether there were grounds for termination and, if so, whether termination was in the best interests of the children. Therefore, the case plan was properly admitted. This assignment of error is overruled.
We have carefully considered respondent-mother's remaining arguments and conclude that they are without merit. The trial court's order which terminated respondent-mother's parental rights is
Affirmed.
Judges TIMMONS-GOODSON and HUNTER concur.
Report per Rule 30(e).

We recognize that it is erroneous for the trial court to reject a request for a court-appointed attorney when a parent is present at the termination hearing and is indigent. Little v. Little, 127 N.C. App. 191, 193, 487 S.E.2d 823, 825 (1997). However, this case does not support respondent-mother's position because as we have indicated, respondent-mother had representation at the termination of parental rights hearing and at every other hearing that affected her rights.