ZACHARY, Judge.
 

 Following the adjudication of the minor child, Mary,
 
 [1]
 
 as an abused and neglected juvenile, an appeal was taken to this Court by Mary's mother (respondent), and by J.C., who is married to Mary's mother and is referred to in court documents as her "stepfather." On appeal, respondent's counsel has filed a "no-merit" brief pursuant to N.C.R.App. P. Rule 3.1(d) (2014), and J.C. has offered arguments regarding the merits of the trial court's adjudication and disposition orders. We conclude that there is no basis for reversal of the trial court's order, and that the record fails to establish that J.C. has standing to appeal from the trial court's order. Accordingly, we affirm the trial court's order and dismiss J.C.'s appeal.
 

 I. Background
 

 On 22 July 2014, the Harnett County Department of Social Services ("DSS") filed a juvenile petition alleging that Mary was an abused and neglected juvenile and obtained nonsecure custody of Mary. The petition alleged that Mary was born in the Philippines in 2000, that her father was deceased, and that J.C., who was identified as Mary's "step-father," had sexually abused Mary over a period of years.
 

 Two hearings were conducted on the petition in December 2014 and March 2015. Mary, who was fourteen at the time of the hearings, testified that J.C. had sexually molested her on numerous occasions when she was between nine and thirteen years old. Mary provided specific details of J.C.'s abuse, which had included inappropriate touching of Mary's private parts, J.C. touching Mary with his penis, and at least one attempt by J.C. to undress Mary. Mary had
 
 *592
 
 reported the incidents to respondent, who refused to believe her or to allow her to participate in professional services such as a child medical examination or therapy. Mary's older sister, who was nineteen years old at the time of the hearing, testified that J.C. had also molested her when she was eleven or twelve years old.
 

 On 1 May 2015, the trial court entered an order containing more than sixty findings of fact describing Mary's home situation and J.C.'s sexual abuse of Mary. The trial court found that Mary did not receive proper care and supervision in the home of respondent and J.C. and that she resided in an environment injurious to her health. The court also found that respondent had not provided adequate protection and a safe environment for her daughter and that Mary resided in a home where another juvenile had been subjected to abuse or neglect by J.C. Based upon these findings of fact, the court adjudicated Mary to be an abused and neglected juvenile as defined by N.C. Gen.Stat. § 7B-101(1) and (15) (2014).
 

 In its dispositional order, the trial court ordered that Mary's custody would remain with DSS and that there would be no visitation between Mary and either her mother or J.C. Respondent and J.C. each noted an appeal to this Court from the trial court's adjudication and dispositional orders.
 

 II. Standard of Review
 

 "The allegations in a petition alleging that a juvenile is abused, neglected, or dependent shall be proved by clear and convincing evidence." N.C. Gen.Stat. § 7B-805 (2015).
 

 When this Court reviews an order in a juvenile abuse, neglect or dependency proceeding, we determine whether the trial court made proper findings of fact and conclusions of law in its adjudication and disposition orders. In so doing, we consider whether clear and convincing evidence in the record supports the findings and whether the findings support the trial court's conclusions. If there is evidence to support the trial court's findings of fact, they are deemed conclusive even though there may be evidence to support contrary findings. We consider matters of statutory interpretation
 
 de novo.
 

 In re W.V.,
 

 204 N.C.App. 290
 
 , 293,
 
 693 S.E.2d 383
 
 , 386 (2010) (citing
 
 In re J.S.,
 

 182 N.C.App. 79
 
 , 86,
 
 641 S.E.2d 395
 
 , 399 (2007),
 
 In re Gleisner,
 

 141 N.C.App. 475
 
 , 480,
 
 539 S.E.2d 362
 
 , 365 (2000),
 
 In re Montgomery,
 

 311 N.C. 101
 
 , 110-11,
 
 316 S.E.2d 246
 
 , 252-53 (1984), and
 
 Piedmont Triad Airport Auth. v. Urbine,
 

 354 N.C. 336
 
 , 338,
 
 554 S.E.2d 331
 
 , 332 (2001) ).
 

 III. Appeal by J.C.
 

 We first address the issue of J.C.'s standing to appeal from the trial court's orders. "Although [J.C.'s] brief does not address the issue of standing, we are compelled to address this issue."
 
 In re T.B.,
 

 200 N.C.App. 739
 
 , 742,
 
 685 S.E.2d 529
 
 , 532 (2009). "Standing is jurisdictional in nature and '[c]onsequently, standing is a threshold issue that must be addressed, and found to exist, before the merits of [the] case are judicially resolved.' "
 
 In re T.M.,
 

 182 N.C.App. 566
 
 , 570,
 
 643 S.E.2d 471
 
 , 474 (quoting
 
 In re Miller,
 

 162 N.C.App. 355
 
 , 357,
 
 590 S.E.2d 864
 
 , 865 (2004) ),
 
 aff'd per curiam,
 

 361 N.C. 683
 
 ,
 
 651 S.E.2d 884
 
 (2007). "As the party invoking jurisdiction, [J.C. has] the burden of proving the elements of standing."
 
 Neuse River Found., Inc., v. Smithfield Foods, Inc.,
 

 155 N.C.App. 110
 
 , 113,
 
 574 S.E.2d 48
 
 , 51 (2002) (citation omitted),
 
 disc. review denied,
 

 356 N.C. 675
 
 ,
 
 577 S.E.2d 628
 
 (2003).
 

 N.C. Gen.Stat. § 7B-1001(a) (2014) provides in relevant part that an "appeal of a final order of the court in a juvenile matter shall be made directly to the Court of Appeals.... [T]he following juvenile matters may be appealed: ... (3) Any initial order of disposition and the adjudication order upon which it is based." Under N.C. Gen.Stat. § 7B-1002 (2014), appeal from an initial order of adjudication and disposition may be taken only by:
 

 (1) A juvenile acting through the juvenile's guardian
 
 ad litem
 
 previously appointed under G.S. 7B-601.
 

 (2) A juvenile for whom no guardian
 
 ad litem
 
 has been appointed under G.S. 7B-601....
 

 *593
 
 (3) A county department of social services.
 

 (4) A parent, a guardian appointed under G.S. 7B-600 or Chapter 35A of the General Statutes, or a custodian as defined in G.S. 7B-101 who is a nonprevailing party.
 

 (5) Any party that sought but failed to obtain termination of parental rights.
 

 In the present case, J.C. clearly is not the juvenile, a court-appointed guardian
 
 ad litem,
 
 a county department of social services, or a party who sought unsuccessfully for termination of parental rights. Therefore, the only ground on which J.C. might assert a right to appeal from the trial court's order of adjudication and disposition would be pursuant to N.C. Gen.Stat. § 7B-1002(4), as Mary's "parent" or "custodian as defined in G.S. 7B-101." Upon review of the relevant statutes and the record, we conclude that the record fails to contain any evidence that J.C. is either Mary's parent or her legal custodian.
 

 N.C. Gen.Stat. § 7B-101 (2014) defines the following terms as follows:
 

 ...
 

 (3) Caretaker.-Any person
 
 other than a parent, guardian, or custodian
 
 who has responsibility for the health and welfare of a juvenile in a residential setting. A person responsible for a juvenile's health and welfare
 
 means a stepparent,
 
 foster parent, an adult member of the juvenile's household, [or] an adult relative entrusted with the juvenile's care[.] ... (emphasis added).
 

 ...
 

 (8) Custodian.-The person or agency that has been awarded legal custody of a juvenile by a court.
 

 The record contains nothing to suggest that J.C. was awarded legal custody of Mary by a court and, as a result, he cannot assert a basis to appeal as her "custodian" pursuant to N.C. Gen.Stat. § 7B-101(8). Moreover, N.C. Gen.Stat. § 7B-101(3) expressly defines "caretaker" to include a stepparent, such as J.C. On the record before us, we conclude that J.C. had the status of "caretaker" of Mary.
 

 In reaching this conclusion, we have necessarily made a distinction between "parent" and "stepparent," a distinction that we conclude is in accord with N.C. Gen.Stat. § 7B-101 and N.C. Gen.Stat. § 7B-1002. We note that N.C. Gen.Stat. § 7B-101(8) defines "caretaker" as a person "
 
 other than a parent, guardian, or custodian
 
 " who is responsible for the health and welfare of a juvenile, and specifies that this term includes "a stepparent." Thus, N.C. Gen.Stat. § 7B-101 distinguishes between a parent and a stepparent. In addition, in N.C. Gen. Stat. § Chapter 48, which governs adoption procedures, N.C. Gen.Stat. § 48-1-101(18) (2014) defines "stepparent" as "an individual who is the spouse of a parent of a child, but
 
 who is not a legal parent
 
 of the child." (emphasis added).
 

 We conclude that J.C. is not a proper party for appeal pursuant to N.C. Gen.Stat. § 7B-1002 and that he is a 'caretaker' under N.C. Gen.Stat. § 7B-101(3). We hold that N.C. Gen.Stat. § 7B-1002(4), which permits a "parent" to appeal from an order of adjudication and disposition, does not authorize an appeal by a stepparent in the absence of record evidence that the stepparent has become the child's parent through adoption or is otherwise qualified under the statute. "Due to insufficient information in the record to determine whether [J.C.] has standing to pursue this appeal, we dismiss the appeal."
 
 T.B.,
 

 200 N.C.App. at 740
 
 ,
 
 685 S.E.2d at 530
 
 .
 

 IV. Appeal by Respondent
 

 Counsel for respondent has filed a "no merit" brief pursuant to N.C.R.App. P. 3.1(d) (2014). In compliance with the provisions of that rule, counsel states that after thoroughly and conscientiously reviewing the record on appeal and consulting with other experienced appellate attorneys he is unable to identify any issues with sufficient merit upon which to base an argument for relief on appeal. He asks this Court to review the record for possible meritorious issues that may have been overlooked by counsel. He also identifies possible arguments that he considered and explains why he rejected them. He attached to the brief the letter he mailed to respondent, advising her of his inability to find possible meritorious issues and of her right to file her own written arguments directly with this Court. Counsel also informed respondent of the procedures to follow
 
 *594
 
 if she elected to file her own arguments and provided her with the necessary documents for that purpose.
 

 Respondent has not filed her own written arguments. After reviewing the record on appeal, we are unable to find anything to support an argument for meaningful relief on appeal. We find ample evidence to support the findings of fact, which establish that J.C. committed indecent liberties upon Mary, and, accordingly, that Mary is an abused juvenile. The trial court's findings also establish that Mary did not receive proper care from respondent and J.C. and that she resided in an environment injurious to her welfare. The court's findings of fact thus support its conclusion of law that Mary is an abused and neglected juvenile.
 

 We affirm the adjudication and disposition order.
 

 AFFIRMED IN PART, DISMISSED IN PART.
 

 Judges HUNTER, JR., and DAVIS concur.
 

 [1]
 

 To protect the child's privacy, we refer to her by the pseudonym Mary in this opinion.