IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-380

 Filed: 2 October 2018

Gaston County, No. 16-JT-03

IN THE MATTER OF: L.E.M.

 Appeal by Respondent-Father from order entered 5 January 2018 by Judge

John K. Greenlee in Gaston County District Court. Heard in the Court of Appeals 23

August 2018.

 Elizabeth Myrick Boone for petitioner-appellee Gaston County Department of
 Social Services.

 Assistant Appellate Defender Annick Lenoir-Peek for respondent-appellant
 father.

 Nelson Mullins Riley & Scarborough LLP, by Reed J. Hollander, for guardian
 ad litem.

 HUNTER, JR., Robert N., Judge.

 Respondent appeals from an order terminating his parental rights to his minor

child, L.E.M. (“Landon”).1 Respondent’s counsel filed a no-merit brief, pursuant to

North Carolina Rule of Appellate Procedure 3.1(d). We dismiss.

 I. Factual and Procedural Background

 1 We use pseudonyms throughout the opinion for ease of reading and to protect the juveniles’

identities.
 IN RE: L.E.M.

 Opinion of the Court

 On 4 January 2016, the Gaston County Department of Social Services (“DSS”)

obtained non-secure custody of Landon and his older sibling B.E.M. (“Brett”) and filed

a petition alleging both to be neglected and dependent juveniles.2 DSS alleged it was

involved with the family since September 2015, due to allegations of substance abuse

and medical neglect of Brett. Following a recent arrest, both parents3 were being

held in the Gaston County Jail. DSS further alleged the following: (1) the children

did not receive proper care, supervision, or discipline from their parents; (2) the

children lived in an environment injurious to their welfare; and (3) the parents were

unable to provide for the children’s care and supervision.

 On 17 February 2016, Respondent entered into a mediation agreement with

DSS, wherein he accepted Landon would be adjudicated as neglected and dependent,

entered into a case plan with DSS, and agreed to work with DSS toward reunification

with Landon. On 19 April 2016, the trial court entered an order adjudicating Landon

as a neglected and dependent juvenile. The court continued custody of Landon with

DSS. The court ordered Respondent comply with the terms of his mediated case plan,

including: (1) obtain a substance abuse assessment, follow recommendations of the

assessment, and submit to random drug screens; (2) obtain a mental health

assessment and follow recommendations of the assessment; (3) attend the juveniles’

 2 Respondent is not the father of Brett, and Brett is not a party to this appeal.
 3 The juveniles’ mother is not a party to this appeal.

 -2-
 IN RE: L.E.M.

 Opinion of the Court

medical appointments; (4) obtain safe and appropriate housing; (5) obtain

employment; and (6) complete a parenting class and utilize skills learned during

visits with Landon.

 In May and September 2016, the trial court conducted review and permanency

planning hearings. The court established Landon’s primary permanent plan as

reunification, with guardianship as the secondary plan.

 On 29 November 2016, the court held another review and permanency

planning hearing. In an order entered 28 March 2017, the trial court found

Respondent failed to make sufficient progress on his case plan and was incarcerated

in West Virginia. The court changed Landon’s primary permanent plan to adoption,

with a secondary plan of reunification In an order entered 11 April 2017, the court

continued Landon’s primary permanent plan as adoption, but changed the secondary

plan to guardianship.

 On 12 April 2017, DSS filed a petition to terminate Respondent’s parental

rights to Landon. DSS alleged grounds existed for termination of Respondent’s

parental rights based on: (1) neglect; (2) failure to correct the conditions that led to

Landon’s removal from his care; and (3) dependency. See N.C. Gen. Stat. § 7B-

1111(a)(1)-(2), (6) (2017).

 On 13 November 2017, the trial court held a termination of parental rights

hearing. DSS called Respondent. Respondent entered into a case plan with DSS,

 -3-
 IN RE: L.E.M.

 Opinion of the Court

following Landon’s adjudication as a neglected and dependent juvenile. Pursuant to

the plan, Respondent agreed to resolve substance abuse issues, attend counseling,

attend parenting classes, and visit Landon. However, he failed to participate in a

substance abuse assessment or complete any substance abuse treatment.

 In June 2015, authorities in Harrison County arrested Respondent for a parole

violation. On 1 August 2015, authorities “shipped” him to jail in West Virginia. In

West Virginia, he did not complete any progress on his case plan, because “[t]hey

don’t provide that stuff in the West Virginia department.”

 While Respondent was incarcerated, Hannah Crawford, a DSS social worker

regularly contacted Respondent. He wrote her one letter in December 2015. In his

letter, he did not tell Crawford about the lack of resources available to him. Following

his release in late May or early June 2017, the court and DSS refused to allow him to

see Landon and Brett.4

 DSS next called Hannah Crawford. From the time DSS took custody of Landon

on 4 January 2016 to the date of the hearing, Crawford was the social worker assigned

to Landon’s case. Crawford asserted Respondent failed to make “significant progress”

on his case plan, even prior to his incarceration on 1 June 2015. Respondent attended

visitation with Landon but did not demonstrate “appropriate” parenting skills.

Respondent failed to obtain a substance abuse assessment, engage in any substance

 4 DSS presented Respondent with a June 2017 court order, stating it would “reinstat[e]
respondent father’s visitation provided he is able to provide a clean drug screen.”

 -4-
 IN RE: L.E.M.

 Opinion of the Court

abuse treatment, or obtain a mental health assessment. Respondent also did not

complete parenting classes, obtain employment, or obtain safe housing. On 26 May

2016, a doctor performed a parental capacity evaluation, concluding Respondent

possessed “rather marginal parenting capability.”

 Following another arrest in June 2016 and Respondent’s incarceration until

May 2017, Crawford “attempted” to maintain contact with Respondent. Respondent

did not contact Crawford “regularly”, inquire about Landon’s placement, or send any

“cards, gifts, letters . . . .” Respondent replied to Crawford only once, in December

2016, acknowledging the case plan Crawford sent to him and that he received her

letters. In the letter, it seemed “along the line that he’d be able to complete parenting

classes[.]”

 Following his subsequent release in April 2017, Respondent called Crawford

in May 2017.5 Crawford asked Respondent to meet with DSS to go over the case plan.

DSS and Respondent met on 5 June 2017. Following the meeting, Respondent failed

to attend a mental health assessment, failed to obtain a substance abuse assessment,

did not comply with two drug screens, and tested positive for drugs.

 Since 31 May 2016, Respondent did not write or call Crawford to ask about

Landon or have any contact with Landon. As of the day of the hearing, Respondent

failed to submit proof of stable employment or appropriate housing.

 5 The date of Respondent’s release is not clear from the testimony; however, the trial court
found as fact the West Virginia Department of Corrections released Respondent in May 2017.

 -5-
 IN RE: L.E.M.

 Opinion of the Court

 On 5 January 2018, the trial court entered an order terminating Respondent’s

parental rights on the grounds of neglect and failure to make reasonable progress.

See N.C. Gen. Stat. § 7B-1111(a)(1), (2). The court concluded termination of

Respondent’s parental rights was in Landon’s best interests. Respondent filed timely

notice of appeal.

 II. Analysis

 Appellate counsel for Respondent filed a no-merit brief on Respondent’s behalf

in which counsel states she made a conscientious and thorough review of the record

on appeal and concluded there is no issue of merit on which to base an argument for

relief. Pursuant to North Carolina Rule of Appellate Procedure 3.1(d), appellate

counsel requests this Court conduct an independent examination of the case. N.C. R.

App. P. 3.1(d) (2017). In accordance with Rule 3.1(d), counsel wrote a letter to

Respondent on 26 April 2018, advising Respondent of counsel’s inability to find error,

of counsel’s request for this Court to conduct an independent review of the record,

and of Respondent’s right to file his own arguments directly with this Court. Counsel

also avers she provided Respondent with copies of all relevant documents so that he

may file his own arguments with this Court. Respondent did not file written

arguments with this Court, and a reasonable time for him to have done so has passed.

Thus, “[n]o issues have been argued or preserved for review in accordance with our

Rules of Appellate Procedure.” In re L.V., ___ N.C. App. ___, ___, ___ S.E.2d ___, 2018

 -6-
 IN RE: L.E.M.

 Opinion of the Court

WL 3232738 (N.C. Ct. App. July 3, 2018). Accordingly, we must dismiss Respondent’s

appeal. In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citation

omitted) (“Where a panel of the Court of Appeals has decided the same issue, albeit

in a different case, a subsequent panel of the same court is bound by that precedent,

unless it has been overturned by a higher court.”).

 III. Conclusion

 For the foregoing reasons, we dismiss Respondent’s appeal.

 DISMISSED.

 Judge ARROWOOD concurs in result only in separate opinion.

 Chief Judge McGEE dissents in a separate opinion.

 -7-
 No. COA18-380 – In the Matter of: L.E.M.

 ARROWOOD, Judge, concurring in result only.

 We are dismissing respondent’s appeal because we are bound by In re L.V., __

N.C. App. __, 814 S.E.2d 928, 2018 WL 3232738 (N.C. Ct. App. July 3, 2018). I agree

that In re Civil Penalty, 324 N.C. 373, 379 S.E.2d 30 (1989) requires our Court to

follow In re L.V., however, I concur in the result only because I believe In re L.V.

erroneously altered the jurisprudence of cases arising under Rule 3.1 of the North

Carolina Rules of Appellate Procedure. Furthermore, this change significantly

impacts the constitutional rights of North Carolinians, such as the respondent in this

case, whose fundamental right to a parental relationship with his child should only

be terminated as contemplated by law. Therefore, I write separately to address this

shift in our precedent.

 The concept of a no-merit brief, also referred to as an Anders brief, comes from

the United States Supreme Court’s decision in Anders v. California, 386 U.S. 738, 18

L. Ed. 2d 493 (1967). Anders held that an attorney representing a criminal defendant

in a case the attorney finds without legal merit can request permission to withdraw

as counsel for this reason, but the request must “be accompanied by a brief referring

to anything in the record that might arguably support the appeal.” Anders, 386 U.S.

at 744, 18 L. Ed. 2d at 498. “[T]he court—not counsel—then proceeds, after a full

examination of all the proceedings, to decide whether the case is wholly frivolous.”

Id.
 IN RE: L.E.M.

 ARROWOOD, J., concurring in result only

 Our Court initially denied extending Anders procedures to termination of

parental rights cases. See In re N.B., 183 N.C. App. 114, 117, 644 S.E.2d 22, 24 (2007)

(citation omitted). However, the In re N.B. court “urge[d] our Supreme Court or the

General Assembly to reconsider this issue[,]” noting that “permitting such review

furthers the stated purposes of our juvenile code.” Id. at 117-19, 644 S.E.2d at 24-25.

Thereafter, our Supreme Court adopted Rule 3.1(d) of the North Carolina Rules of

Appellate Procedure, which states:

 In an appeal taken pursuant to [N.C. Gen. Stat.] § 7B-1001,
 if, after a conscientious and thorough review of the record
 on appeal, appellate counsel concludes that the record
 contains no issue of merit on which to base an argument
 for relief and that the appeal would be frivolous, counsel
 may file a no-merit brief. In the brief, counsel shall identify
 any issues in the record on appeal that might arguably
 support the appeal and shall state why those issues lack
 merit or would not alter the ultimate result. Counsel shall
 provide the appellant with a copy of the no-merit brief, the
 transcript, the record on appeal, and any Rule 11(c)
 supplement or exhibits that have been filed with the
 appellate court. Counsel shall also advise the appellant in
 writing that the appellant has the option of filing a pro se
 brief within thirty days of the date of the filing of the no-
 merit brief and shall attach to the brief evidence of
 compliance with this subsection.

N.C.R. App. P. 3.1(d) (2018).

 Rule 3.1(d) provides for the filing of “no-merit briefs” and allowing an Anders-

like procedure for appeals taken pursuant to N.C. Gen. Stat. § 7B-1001, including

from termination of parent rights orders. See id. A parent may file a pro se brief

 2
 IN RE: L.E.M.

 ARROWOOD, J., concurring in result only

when counsel files a no-merit brief, but nothing in the rule appears to require a parent

to file a pro se brief in order for our Court to review the appeal. See id. Indeed, our

Court has consistently interpreted Rule 3.1(d) to require our Court to conduct an

independent review in termination of parental rights cases in which counsel filed a

no-merit brief and the respondent-parent did not file a pro se brief. See, e.g., In re

A.A.S., __ N.C. App. __, __, 812 S.E.2d 875, 879 (2018); In re M.S., 247 N.C. App. 89,

94, 785 S.E.2d 590, 594 (2016); In re D.M.G., 235 N.C. App. 217, 763 S.E.2d 339, 2014

WL 3511008 at *1, slip op. at *3 (2014) (unpublished); In re D.M.H., 234 N.C. App.

477, 762 S.E.2d 531, 2014 WL 2795916 at *1, slip op. at *2 (2014) (unpublished); In

re O.M.B., 204 N.C. App. 369, 696 S.E.2d 201, 2010 WL 2163793 at *1, slip op. at *3

(2010) (unpublished); In re R.A.M., 228 N.C. App. 568, 749 S.E.2d 110, 2013 WL

4005847 at *1-2, slip op. at *3-6 (2013) (unpublished); In re P.R.B., Jr., III, 204 N.C.

App. 595, 696 S.E.2d 925, 2010 WL 2367236 at *5, slip op. at *10-11 (2010)

(unpublished); In re S.N.W., 207 N.C. App. 377, 699 S.E.2d 685, 2010 WL 3860906 at

*1-2, slip op. at *3-5 (2010) (unpublished).

 In re L.V. disavowed this routine procedure, and signaled a significant shift in

our jurisprudence of cases arising under Rule 3.1 of the North Carolina Rules of

Appellate Procedure. In In re L.V., our Court held for the first time that “[n]o issues

have been argued or preserved for review in accordance with our Rules of Appellate

Procedure” when a respondent’s appellate counsel files a no-merit brief that complied

 3
 IN RE: L.E.M.

 ARROWOOD, J., concurring in result only

with Rule 3.1(d) and respondent fails to “exercise her right under Rule 3.1(d) to file a

pro se brief.” Id. at __, 814 S.E.2d at 928-29, slip op. at *2. To support its decision,

the In re L.V. court cites Judge Dillon’s recent concurrence in State v. Velasquez-

Cardenas, __ N.C. App. __, 815 S.E.2d 9 (2018) (Dillon, J., concurring): “Rule 3.1(d)

does not explicitly grant indigent parents the right to receive an Anders-type review

of the record by our Court, which would allow our Court to consider issues not

explicitly raised on appeal.” Velasquez-Cardenas, __ N.C. App. at __, 815 S.E.2d at

20 (italics in original). I note that a concurring opinion is not binding on our Court,

and also that the cited quotation was dicta, and therefore not controlling authority.

See Trustees of Rowan Tech. College v. J. Hyatt Hammond Assocs., 313 N.C. 230, 242,

328 S.E.2d 274, 281 (1985) (“Language in an opinion not necessary to the decision is

obiter dictum and later decisions are not bound thereby.”) (citations omitted). The In

re L.V. court did not address our Court’s previous case law, which consistently

conducted an Anders review of the record when appellate counsel complies with Rule

3.1(d), even if the appellant does not exercise her right under Rule 3.1(d) to file a pro

se brief.

 I believe that In re L.V.’s interpretation of Rule 3.1(d) affects parents’ interest

in the accuracy and justice of a decision to terminate their parental rights, and is

inconsistent with the purposes of our juvenile code. See Little v. Little, 127 N.C. App.

191, 192, 487 S.E.2d 823, 824 (1997) (“A parent’s interest in the accuracy and justice

 4
 IN RE: L.E.M.

 ARROWOOD, J., concurring in result only

of the decision to terminate his or her parental rights is a commanding one.”)

(citation, quotation marks, and alteration omitted). Therefore, I believe In re L.V. is

an anomaly in our case law that must be corrected to ensure that the fundamental

right to a parental relationship is not terminated other than as permitted by law.

However, I concur in the result only because In re Civil Penalty requires me to follow

the divergent path that the Court has taken. In re Civil Penalty, 324 N.C. at 384, 379

S.E.2d at 37.

 5
 No. COA18-380 – In the Matter of: L.E.M.

 McGEE, Chief Judge, dissenting.

 I respectfully dissent from the majority opinion’s holding that this Court,

pursuant to In re L.V., __ N.C. App. __, 814 S.E.2d 928 (2018), must dismiss

Respondent’s Rule 3.1(d) appeal. I agree with the analysis of the concurring opinion,

and adopt that analysis, excepting its ultimate conclusion that we are bound by In re

L.V., and must therefore dismiss Respondent’s appeal. I agree with the concurring

opinion that In re L.V. was not correctly decided. As noted by both the majority and

concurring opinions, we would normally be bound by In re L.V.; however, I believe

the holding in In re L.V. is contrary to settled law from prior opinions of this Court.

Therefore, this Court in In re L.V. was without the authority to “overrule” the prior

opinions of this Court, and those prior opinions remain controlling in the present

matter.

 As the concurring opinion notes, “our Court has consistently interpreted Rule

3.1(d) to require our Court to conduct an independent review in termination of

parental rights cases in which counsel filed a no-merit brief and the respondent-

parent did not file a pro se brief.” I also agree that “In re L.V. is an anomaly in our

case law[.]” Rule 3.1(d) does not require a parent to file a pro se brief.

 Rule 3.1(d) states:

 No-Merit Briefs. In an appeal taken pursuant to N.C.G.S.
 § 7B-1001, if, after a conscientious and thorough review of
 the record on appeal, appellate counsel concludes that the
 IN RE: L.E.M.

 McGEE, C.J., dissenting

 record contains no issue of merit on which to base an
 argument for relief and that the appeal would be frivolous,
 counsel may file a no-merit brief. In the brief, counsel shall
 identify any issues in the record on appeal that might
 arguably support the appeal and shall state why those
 issues lack merit or would not alter the ultimate result.
 Counsel shall provide the appellant with a copy of the no-
 merit brief, the transcript, the record on appeal, and any
 Rule 11(c) supplement or exhibits that have been filed with
 the appellate court. Counsel shall also advise the appellant
 in writing that the appellant has the option of filing a pro
 se brief within thirty days of the date of the filing of the no-
 merit brief and shall attach to the brief evidence of
 compliance with this subsection.

N.C. R. App. P. 3.1(d) (emphasis added).

 In In re L.V., this Court dismissed Respondent’s no-merit appeal based on the

following reasoning:

 Respondent appeals from orders terminating her parental
 rights to the minor children L.V. and A.V. On appeal,
 Respondent’s appellate counsel filed a no-merit brief
 pursuant to Rule 3.1(d) stating that, after a conscientious
 and thorough review of the record on appeal, he has
 concluded that the record contains no issue of merit on
 which to base an argument for relief.6 N.C. R. App. P.
 3.1(d). Respondent’s counsel complied with all
 requirements of Rule 3.1(d), and Respondent did not
 exercise her right under Rule 3.1(d) to file a pro se brief.
 No issues have been argued or preserved for review in
 accordance with our Rules of Appellate Procedure.7

 6 “In accordance with Rule 3.1(d), appellate counsel provided Respondent with copies of the

no-merit brief, trial transcript, and record on appeal and advised her of her right to file a brief with
this Court pro se on 11 April 2018.”
 7 “‘Rule 3.1(d) does not explicitly grant indigent parents the right to receive an Anders-type

review of the record by our Court, which would allow our Court to consider issues not explicitly raised

 2
 IN RE: L.E.M.

 McGEE, C.J., dissenting

In re L.V., __ N.C. App. at __, 814 S.E.2d at 928-29 (footnotes in original).8

 The majority opinion holds that we are bound by In re L.V. and must dismiss

Respondent’s appeal. However, this Court has continually conducted the Anders-type

review provided for in Rule 3.1(d), absent any accompanying pro se briefs from the

respondents, both before and after In re L.V. was filed on 3 July 2018.9 Rule 3.1(d)

requires a respondent’s counsel who appeals pursuant to Rule 3.1(d) to file an

appellate brief, which must include issues identified by counsel “that might arguably

support the appeal and [counsel] shall state [in the no-merit brief] why those issues

lack merit or would not alter the ultimate result.” N.C. R. App. P. 3.1(d). Though not

explicitly stated in Rule 3.1(d), it seems clear that the purpose in allowing attorneys

to file no-merit briefs is to allow a respondent’s counsel to request review by this

Court of the respondent’s record for potential error even though counsel has not been

able to identify any error counsel believes warrants relief on appeal. Pursuant to the

reasoning implicit in In re L.V., the actual no-merit brief required to be filed by a

respondent’s counsel is itself unreviewable – i.e. appellate counsel’s request to this

Court to conduct the review as argued in the no-merit brief does not constitute an

on appeal.’ State v. Velasquez-Cardenas, ___N.C. App. ___, ___, 815 S.E.2d 9, 20 (2018) (Dillon, J.,
concurring).”
 8 I join the concurring opinion in pointing out that the sole “authority” cited by In re L.V. is

dicta obtained from a concurring opinion in a criminal matter, devoid of precedential value. The
holding of In re L.V. is therefore supported by no legal authority.
 9 Anders v. California, 386 U.S. 738, 18 L. Ed. 2d 493 (1967).

 3
 IN RE: L.E.M.

 McGEE, C.J., dissenting

issue preserved for appellate review. This Court considered the same reasoning in

Velasquez-Cardenas, where we rejected the dicta now relied upon in In re L.V.:

 In the present matter, the concurring opinion, relying on
 N.C. R. App. P. 28, argues that we should not address the
 Anders issue in this opinion because it was not first
 brought up and argued in Defendant’s brief. We believe the
 fact that Defendant’s attorney filed an Anders brief is
 sufficient to raise the issue and present it for appellate
 review.

Velasquez-Cardenas, __ N.C. App. at __, 815 S.E.2d at 18 (some emphasis added); see

also State v. Chance, 347 N.C. 566, 568, 495 S.E.2d 355, 356 (1998) (Finding “no error”

because “[i]n accordance with our duty under Anders, we have examined the record

and the transcript of the trial. From this examination, we find the appeal to be wholly

frivolous.”). Because the defendant in Velasquez-Cardenas did not have any

constitutional right to Anders review, the question of whether an Anders-type brief

preserved any issues for appellate review had to be decided. This Court rejected the

reasoning of the concurring opinion, and held that the brief requesting Anders-type

review did present appropriate issues for appellate review, Rule 28(b)(6)

notwithstanding. Id. In Velasquez-Cardenas we also factored into our analysis that

this Court had a long, uninterrupted history of conducting full Anders-type review

from denials of motions requesting post-conviction DNA testing, and our authority to

conduct that review had never before been questioned. Id. at __, 815 S.E.2d at 11–

12. In part of the analysis, this Court also recognized that review pursuant to Rule

 4
 IN RE: L.E.M.

 McGEE, C.J., dissenting

3.1(d) was an Anders-type review: “Our Supreme Court added a provision to our Rules

of Appellate Procedure, effective for all cases appealed after 1 October 2009, allowing

an Anders-like procedure for appeals taken pursuant to N.C. Gen. Stat. § 7B-1001,

including from TPR orders. N.C. R. App. P. 3.1(d).” Id. at __, 815 S.E.2d at 16.

 However, if we follow In re L.V., upon a Rule 3.1(d) appeal, this Court will be

limited to review of only those issues included in a respondent’s pro se brief – should

respondent chose to file one.10 Nothing prior to the adoption of Rule 3.1(d) prevented

a respondent from filing a pro se appeal. Therefore, assuming the holding in In re

L.V. to be correct, I do not see how the adoption of Rule 3.1(d) has materially

benefitted respondents, or expanded the scope of appellate review, in any manner.11

 The majority opinion in this case holds, based upon In re Civil Penalty, 324

N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (citations omitted) (“[w]here a panel of the

Court of Appeals has decided the same issue, albeit in a different case, a subsequent

panel of the same court is bound by that precedent, unless it has been overturned by

a higher court”), that we are bound by In re L.V. The concurring opinion agrees. I

agree that In re Civil Penalty controls the outcome, but would reach a different result.

In In re Civil Penalty, our Supreme Court reasoned and held as follows:

 This Court has held that one panel of the Court of Appeals
 may not overrule the decision of another panel on the same

 10 As noted below, since the adoption of Rule 3.1(d) only a single respondent has chosen to file
any sort of pro se response.
 11 Respondents perhaps receive some benefit by their attorney’s work in compiling and filing

the record, and by performing some other ministerial actions.

 5
 IN RE: L.E.M.

 McGEE, C.J., dissenting

 question in the same case. The situation is different here
 since this case and N.C. Private Protective Services Board
 v. Gray, do not arise from the same facts. In Virginia
 Carolina Builders, however, we indicated that the Court
 will examine the effect of the subsequent decision, rather
 than whether the term “overrule” was actually employed.
 We conclude that the effect of the majority’s decision here
 was to overrule [a prior opinion of the Court of Appeals].
 This it may not do. Where a panel of the Court of Appeals
 has decided the same issue, albeit in a different case, a
 subsequent panel of the same court is bound by that
 precedent, unless it has been overturned by a higher court.

 We hold . . . that a panel of the Court of Appeals is bound
 by a prior decision of another panel of the same court
 addressing the same question, but in a different case,
 unless overturned by an intervening decision from a higher
 court.

Id. at 384, 379 S.E.2d at 36–37 (citations omitted) (emphasis added).12 As this Court

held in a recent opinion affirming the termination of a father’s parental rights: “To

the extent that J.C. is in conflict with prior holdings of this Court, . . . we are bound

by the prior holdings.” In re O.D.S., __ N.C. App. __, __, 786 S.E.2d 410, 417, disc.

review denied, 369 N.C. 43, 792 S.E.2d 504 (2016). “[P]recisely because of In re Civil

Penalty, when there are conflicting lines of opinions from this Court, we generally

look to our earliest relevant opinion in order to resolve the conflict.” State v.

Meadows, __ N.C. App. __, __, 806 S.E.2d 682, 693 (2017), disc. review allowed, __

N.C. __, 812 S.E.2d 847 (2018).; see also State v. Jones, 358 N.C. 473, 487, 598 S.E.2d

 12The 2016 amendment of N.C. Gen. Stat. § 7A-16 created a procedure for en banc review by
this Court of its own decisions, but In re Civil Penalty is still the law with respect to the decisions of
three judge panels of this Court.

 6
 IN RE: L.E.M.

 McGEE, C.J., dissenting

125, 134 (2004); State v. Alonzo, __ N.C. App. __, __, __ S.E.2d __, __, 2018 WL

3977546, *2 (2018) (this Court is bound to follow an earlier decision of this Court, not

a later decision that is in conflict with the earlier decision); Boyd v. Robeson Cty., 169

N.C. App. 460, 470 and 477, 621 S.E.2d 1, 7 and 12 (2005) (citation omitted) (certain

of this Court’s “decisions . . . effectively overrule [a prior decision of this Court]. It is,

however, axiomatic that an appellate panel may not interpret North Carolina law in

a manner that overrules a decision reached by another panel in an earlier opinion.”

Therefore, we held that the later opinion was without precedential effect.).

 The change proposed by In re L.V. can only be adopted if this Court rejects

nearly a decade of appellate practice and precedent set following the 2009 enactment

of Rule 3.1(d) by our Supreme Court. I believe the “effect” of the holding in In re L.V.

is to overrule the precedent set by the prior opinions of this Court, which it cannot

do. In re O.D.S., __ N.C. App. at __, 786 S.E.2d at 417. Since the enactment of Rule

3.1(d), I have been able to locate seventy-six opinions, published and unpublished,

filed prior to In re L.V., in which one or both respondent-parents’ counsel have sought

review pursuant to the no-merit provisions of Rule 3.1(d). One of those opinions was

dismissed because no proper notice of appeal was filed. In re D.L.M., 208 N.C. App.

281, 702 S.E.2d 555, 2010 WL 5135556, *2–3 (2010) (unpublished). Of the remaining

seventy-five opinions involving no-merit appeals, unsurprisingly, only three are

 7
 IN RE: L.E.M.

 McGEE, C.J., dissenting

published.13 In re A.A.S., __ N.C. App. __, __, 812 S.E.2d 875, 879 (2018); In re

M.J.S.M., __ N.C. App. __, __, 810 S.E.2d 370, 374–75 (2018); and In re M.S., 247 N.C.

App. 89, 94, 785 S.E.2d 590, 593–94 (2016).

 This Court conducted full Anders-type reviews pursuant to Rule 3.1(d) in all

seventy-five appeals it decided prior to In re L.V. In only one out of the seventy-five

appeals – In re A.L.W. – did the respondent-parent exercise “the option of filing a pro

se brief” as allowed by Rule 3.1(d). N.C. R. App. P. 3.1(d); In re A.L.W., __ N.C. App.

__, 803 S.E.2d 665 (2017) (unpublished) (“Respondent-mother filed pro se arguments

with this Court challenging the trial court’s decision to terminate her rights. Her pro

se brief, however, contains no ‘citations of the authorities upon which the appellant

relies,’ N.C. R. App. P. 28(b)(6), and provides no basis to disturb the trial court’s

orders.”). Nonetheless, this Court in In re A.L.W. still conducted the full Rule 3.1(d)

Anders-type review based upon the respondent’s attorney’s no-merit brief. Id. In the

remaining seventy-four opinions, this Court conducted a full Anders-type no-merit

review pursuant to Rule 3.1(d) even though none of the respondents in those appeals

filed pro se briefs to accompany their attorneys’ no-merit briefs.14 I cannot find any

case prior to In re L.V. in which this Court indicated any necessity that a respondent-

 13 By definition, no-merit appeals are likely to be decided without great difficulty, and are
unlikely to include novel issues of law.
 14 Had the reasoning in In re L.V. been applied to all no-merit appeals since the adoption of

Rule 3.1(d), this Court would still be waiting to conduct its first review of an appeal pursuant to Rule
3.1(d), because only one pro se “brief” has been filed since 2009, and that “brief” was not even
considered due to Rule 28(b)(6) violations.

 8
 IN RE: L.E.M.

 McGEE, C.J., dissenting

parent file a pro se brief in order to activate this Court’s jurisdiction or authority to

consider the no-merit brief filed by the respondent’s attorney. Following the filing of

In re L.V., this Court has conducted full Anders-type review, absent any pro se filings

from the respondents, in four out of the five appeals it has decided. Out of eighty

opinions filed by this Court involving no-merit briefs, only two – In re L.V. and In re

A.S., __ N.C. App. __, __ S.E.2d __, 2018 WL 4201062 (2018) (unpublished) – have

declined to conduct the Anders-type review requested in the no-merit briefs filed by

the respondents’ attorneys.

 It is presumed that this Court acts correctly. This Court is required to dismiss

an appeal, even sua sponte, whenever it is without jurisdiction or authority to act.15

This duty is not in any manner diminished when this Court decides not to publish an

opinion. This Court impliedly holds that it has the jurisdiction and authority to act

whenever it considers the merits of an appeal. Though this Court may, in certain

circumstances, recognize that is has been acting without authority and correct that

error,16 it may not do so lightly, nor without citation to the earlier precedent that

served to invalidate the later holdings. I believe this Court’s three published opinions

that predate In re L.V. – and which are in complete accord with every one of this

 15 Unless it applies an authorized discretionary writ or rule to allow review.
 16 If, for example, this Court determines that it has been operating in ignorance of contrary
holdings of prior opinions of this Court, or of our Supreme Court, it must acknowledge and adhere to
that prior binding precedent – in effect “correct course” and disavow the prior incorrect holdings. In
re O.D.S., __ N.C. App. at __, 786 S.E.2d at 417.

 9
 IN RE: L.E.M.

 McGEE, C.J., dissenting

Court’s relevant unpublished opinions filed before In re L.V., have thoroughly

established the appropriate requirements of Rule 3.1(d) – including the consequences

of the failure of a respondent to file a pro se brief.

 In a published opinion filed on 20 March 2018, this Court conducted the

following review of the respondent-father’s appeal:17

 Counsel for Respondent-Father filed a no-merit brief on his
 behalf, pursuant to N.C. R. App. P. 3.1(d), stating “[t]he
 undersigned counsel has made a conscientious and
 thorough review of the [r]ecord on [a]ppeal . . . . Counsel
 has concluded that there is no issue of merit on which to
 base an argument for relief and that this appeal would be
 frivolous.” Counsel asks this Court to “[r]eview the case to
 determine whether counsel overlooked a valid issue that
 requires reversal.” Additionally, counsel demonstrated
 that he advised Respondent-Father of his right to file
 written arguments with this Court and provided him with
 the information necessary to do so. Respondent-Father
 failed to file his own written arguments.

 Consistent with the requirements of Rule 3.1(d), counsel
 directs our attention to two issues: (1) whether the trial
 court erred in concluding that grounds existed to terminate
 Respondent-Father’s parental rights and (2) whether the
 trial court abused its discretion in determining that it was
 in the children’s best interests to terminate Respondent-
 Father’s parental rights. However, counsel acknowledges
 he cannot make a non-frivolous argument that no grounds
 existed sufficient to terminate Respondent-Father’s
 parental rights or that it was not in the children’s best
 interests to terminate his parental rights.

 We do not find any possible error by the trial court. The 25
 April 2017 order includes sufficient findings of fact,

 17 Both the respondent-father and the respondent-mother appealed termination of their
parental rights. Only the respondent-father’s appeal was pursuant to Rule 3.1(d).

 10
 IN RE: L.E.M.

 McGEE, C.J., dissenting

 supported by clear, cogent, and convincing evidence to
 conclude that at least one statutory ground for termination
 existed under N.C.G.S. § 7B-1111(a)(1). Moreover, the trial
 court made appropriate findings on each of the relevant
 dispositional factors and did not abuse its discretion in
 assessing the children’s best interests. Accordingly, we
 affirm the trial court’s order as to the termination of
 Respondent-Father’s parental rights.

In re A.A.S., __ N.C. App. at __, 812 S.E.2d at 879 (citations omitted) (emphasis

added); see also In re M.J.S.M., __ N.C. App. at __, 810 S.E.2d at 374–75; In re M.S.,

247 N.C. App. at 94, 785 S.E.2d at 593–94. I believe this Court’s prior published

opinions – In re A.A.S., In re M.J.S.M. and In re M.S. – constitute controlling

precedent, and mandate that this Court conduct a full Anders-type review whenever

a respondent’s attorney files a no-merit brief and complies with the requirements of

Rule 3.1(d). In re L.V. could not have “overruled” these prior opinions. In re O.D.S.,

__ N.C. App. at __, 786 S.E.2d at 417.

 In the present case, as required by Rule 3.1(d), Respondent’s attorney compiled

and filed the 279 page record; composed and filed a twenty-four page no-merit brief

that “identif[ied] issues in the record on appeal that might arguably support the

appeal and [] state[d] why those issues lack merit or would not alter the ultimate

result[;]” provided notice to Respondent and provided Respondent with the required

materials; and attached evidence of compliance with the requirements of Rule 3.1(d)

to the no-merit brief. DSS and the child’s guardian ad litem also filed appellee briefs.

 11
 IN RE: L.E.M.

 McGEE, C.J., dissenting

Respondent did not avail himself of “the option of filing a pro se brief” as permitted

by Rule 3.1(d).

 Respondent’s attorney complied with the requirements of Rule 3.1(d) for

requesting an Anders-type review of the no-merit brief by this Court. Because I

believe we are bound by the precedent set in In re M.S., and subsequently followed

by In re A.A.S. and In re M.J.S.M., I believe In re Civil Penalty and its progeny

require that we disregard the conflicting holding in In re L.V., and conduct the

requested Rule 3.1(d) Anders-type review.

 Upon conducting the appropriate review, I would agree with Respondent’s

counsel and hold that the trial court’s findings of fact support its conclusions that

grounds existed to terminate Respondent’s parental rights pursuant to N.C. Gen.

Stat. §§ 7B-1111(a)(1) and 7B-1111(a)(2) (2017), and that termination of Respondent’s

parental rights was in the best interest of the child. I would further agree that review

of the record reveals no errors occurred at trial that would warrant reversal. I would

therefore affirm.

 12